# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP § <br> and WAPP TECH CORP. § <br> § <br> v. § <br> § <br> MICRO FOCUS INTERNATIONAL, PLC § | Civil Action No. 4:18-CV-00469 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Micro Focus International, PLC's ("Micro Focus") Motion for Protective Order Regarding Jurisdictional Discovery (Dkt. #18) and the parties' Joint Motion to Amend Jurisdictional Discovery Schedule (Dkt. #23). Having considered the motions and the relevant pleadings, the Court finds Micro Focus's Motion for Protective Order (Dkt. #18) should be denied and the parties' Joint Motion to Amend should be granted (Dkt. #23).

## BACKGROUND

On October 17, 2018, Micro Focus filed a Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #12). Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") filed a response to the motion on November 1, 2018 (Dkt. #15). Micro Focus filed a reply in support of the motion on November 8, 2018 (Dkt. #16). After a reviewing the parties' briefing the Court found:

> The evidence cited by Plaintiffs demonstrates the need for jurisdictional discovery and the information required to support personal jurisdiction. Specifically, jurisdictional discovery will enable the Court to determine whether the contacts identified by Plaintiffs relate to Defendant's subsidiaries or to Defendant itself.

(Dkt. #17 at p. 5). Therefore, the Court ordered the parties to engage "in limited jurisdictional discovery to determine whether the Court may exercise personal jurisdiction over Defendant."

(Dkt. #17 at p. 5). The Court provided the parties a total of 45 days to conduct jurisdictional discovery and supplement the parties' briefing on the motion to dismiss (Dkt. #17 at p. 5).

As the parties engaged in jurisdictional discovery, Micro Focus objected to some of Wapp's discovery requests (Dkt. #18 at pp. 8–11). Unable to resolve these objections with Wapp, Micro Focus filed a Motion for Protective Order Regarding Jurisdictional Discovery on January 16, 2019 (Dkt. #18). Wapp filed a response to the motion on January 23, 2019 (Dkt. #19). Micro Focus filed a reply in support of the motion on January 28, 2019 (Dkt. #22).

On February 6, 2019, the parties filed a Joint Motion to Amend Jurisdictional Discovery Schedule (Dkt. #23). The parties request the Court continue "(1) the deadline for any deposition to take place in connection with the jurisdictional discovery, and (2) the subsequent deadline to supplement or amend the pleadings" and reset other deadlines pending the Court's ruling on Micro Focus's motion for protective order (Dkt. #23 at p. 2).

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(c), the Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). The burden is upon the party seeking the protective order "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotation marks and citation omitted). Therefore, a protective order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection. *See Laundry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir. 1990). The Court has broad discretion in determining whether to grant a motion for protective order because it is "in the best position to weigh fairly the competing needs and interests of parties

affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

**ANALYSIS**

Micro Focus moves the Court to enter a protective order limiting jurisdictional discovery to "documents, things, and information" covered by the following:

> 1. that MF plc generally does not carry out business operations; 2. that MF plc does not develop, manufacture, market, sell, or distribute any product or service of any nature; 3. that MF plc does not have any operations relating to, or direct ownership of, the accused software; 4. identifying the entities that sell the accused software (or licenses thereto) in the United States; 5. identifying all of MF plc's employees and board of directors, as well as where each individual is based; 6. identifying all of MF plc's subsidiaries' employees based at the Texas facilities identified by Wapp or in Texas more generally and where each individual is based, as well as the open positions for jobs based in Texas; 7. identifying the entities that lease or own, or otherwise have a place of business, at the facilities in Texas identified by Wapp; 8. identifying any entities that own the trademarks identified by Wapp; and 9. identifying any entities that own or maintain the web domains identified by Wapp.

(Dkt. #18 at pp. 10–11, 19) (footnotes omitted). Micro Focus contends a protective order is required because Wapp seeks information "far beyond" the scope of discovery authorized by the Court's order for jurisdictional discovery (Dkt. #18 at p. 5). Specifically, Micro Focus believes Wapp's discovery requests are (1) improperly broad; (2) relate to piercing the veil—a theory not asserted by Wapp; and (3) are irrelevant as they relate to the merits of the case, not to jurisdiction (Dkt. #18 at pp. 12–18).

The Court disagrees. As cited in the Court's order for jurisdictional discovery, Wapp provides a number of examples of contacts between entities using the name "Micro Focus" and Texas (Dkt. #17 at p. 4). Micro Focus explains that while its subsidiaries operate in Texas under the "Micro Focus" tradename, it does not have any contacts with Texas (Dkt. #17 at p. 4). Micro

3

Focus's explanation puts at issue its relationship with these subsidiaries. Therefore, Wapp is entitled under the Court's order for jurisdictional discovery to investigate the relationship between Micro Focus and its subsidiaries. As a result, the Court does not believe Wapp's discovery requests are improperly broad, and the discovery requests relating to "veil piercing" are not improper.

Concerning Micro Focus's final argument on non-jurisdictional discovery, the Court does not find this discovery inappropriate. Micro Focus objects to Wapp's discovery requests relating to financial/sales information, an HPE Spin-Merger, and entities responsible for the design, sales, and or distribution of the "accused instrumentalities" (Dkt. #18 at pp. 17–18). The Court agrees with Wapp that this discovery tends "to show the nature and extent of contacts with Texas that belong to Micro Focus or its subsidiaries, with the contacts of Micro Focus's subsidiaries potentially attributable to Micro Focus." (Dkt. #19 at p. 12). While these discovery requests may relate to the merits of Wapp's claims, they are also relevant to the jurisdictional questions raised. Overall, Micro Focus cannot argue that the contacts cited by Wapp are attributable only to its subsidiaries and simultaneously contend that Wapp is not entitled to explore Micro Focus's relationship with these subsidiaries.

## CONCLUSION

It is therefore **ORDERED** that Micro Focus's Motion for Protective Order Regarding Jurisdictional Discovery is hereby **DENIED** (Dkt. #18).

It is further ordered that the parties' Joint Motion to Amend Jurisdictional Discovery Schedule is **GRANTED**. The parties shall complete jurisdictional discovery with **twenty-one (21) days** of this order—**February 28, 2019**. The parties shall amend or supplement the briefing

related to Micro Focus's motion to dismiss within **eight (8) days** of completing jurisdictional discovery—**March 8, 2019**.

    **IT IS SO ORDERED.**

    **SIGNED this 7th day of February, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE