**United States District Court**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. | § § § | |
| | § | Civil Action No. 4:18-CV-00469 |
| v. | § | Judge Mazzant |
| | § | |
| MICRO FOCUS INTERNATIONAL, PLC | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Motion: (1) to Strike Defendant Micro Focus International, PLC's Supplemental Brief Regarding the Motion to Dismiss for Lack of Personal Jurisdiction; and (2) for Clarification of the Court's Prior Order (Dkt. #41). Having considered the motion and relevant pleadings, the Court denies Plaintiffs' motion to strike and provides clarification of its prior order.

## BACKGROUND

### I. Motion to Dismiss

Plaintiffs filed this suit on July 2, 2018, alleging patent infringement of United States Patent Nos. 9,971,678, 9,298,864, and 8,924,192 (Dkt. #1).[1] On October 17, 2018, Defendant filed a motion to dismiss (Dkt. #12). Defendant moves to dismiss Plaintiffs' Complaint arguing: (1) the Court lacks personal jurisdiction over Defendant and (2) Plaintiffs failed to properly serve Defendant. Plaintiffs filed a response to Defendant's motion on November 1, 2018 (Dkt. #15). Defendant filed a reply to the motion on November 8, 2018 (Dkt. #16). Defendant's motion remains pending.

---

1. Plaintiffs filed four substantially similar cases in this Court. *See Wapp Tech Ltd. P'ship v. Hewlett-Packard Enter. Co.*, 4:18-CV-468-ALM; *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, 4:18-CV-501-ALM; *Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*, 4:18-CV-519-ALM.

## II. Jurisdictional Discovery

After a careful review of Defendant's motion to dismiss, the Court ordered the parties to conduct jurisdictional discovery on December 20, 2018:

> The Court **ORDERS** the parties to engage in limited jurisdictional discovery to determine whether the Court may exercise personal jurisdiction over Defendant. Within **fifteen (15) days** of this Order, Plaintiffs shall serve on Defendant discovery requests intended to determine whether Defendant is subject to personal jurisdiction. Defendant shall have **fifteen (15) days** from the receipt of Plaintiffs' discovery requests to respond. The parties shall have **fifteen (15) days** from the date Defendant responds to Plaintiffs' discovery requests to supplement or amend the pleadings.

(Dkt. #17 at p. 5) (emphasis in original). This 45-day period expired on February 3, 2019.

As the parties engaged in jurisdictional discovery, a discovery dispute arose. Accordingly, on January 16, 2019, Defendant filed a Motion for Protective Order (Dkt. #18). Defendant requested a protective order because it believed Plaintiffs' jurisdictional discovery requests were (1) improperly broad; (2) related to piercing the veil—a theory not previously asserted by Plaintiffs; and (3) were irrelevant as they related to the merits of the case, not to jurisdiction (Dkt. #18 at pp. 12–18). The parties filed a response and reply to the motion (Dkt. #19; Dkt. #22). The Court denied Defendant's motion for protective order finding, "Overall, [Defendant] cannot argue that the contacts cited by [Plaintiffs] are attributable only to its subsidiaries and simultaneously contend that [Plaintiffs are] not entitled to explore [Defendant's] relationship with these subsidiaries." (Dkt. #24 at p. 4). As a result, on February 7, 2019, the Court ordered:

> The parties shall complete jurisdictional discovery with **twenty-one (21) days** of this order—**February 28, 2019**. The parties shall amend or supplement the briefing related to [Defendant's] motion to dismiss within **eight (8) days** of completing jurisdictional discovery—**March 8, 2019**.

(Dkt. #24 at pp. 4–5) (emphasis in original).

**III.     Amended Complaint, Supplemental Briefing, and Motion to Strike**

On March 8, 2019, the parties filed supplemental briefing on Defendant's motion to dismiss pursuant to the Court's February 7 order (Dkt. #30; Dkt. #32).  On the same day, without seeking leave of court, Plaintiffs filed an Amended Complaint adding five additional parties—Seattle SpinCo Inc., EntIT Software LLC, EntCo Interactive (Israel) Ltd., Entco Government Software LLC, and Micro Focus (US) Inc. (Dkt. #28 ¶¶ 7–11).

On March 12, 2019, without seeking leave of court, Defendant filed a reply to Plaintiffs' supplemental briefing (Dkt. #36).[2]  The next day, Plaintiffs filed the motion at issue (Dkt. #41).  Defendant filed a response to Plaintiffs' motion to strike the same day (Dkt. #42).

## ANALYSIS

Plaintiffs seek (1) to strike Defendant's reply to Plaintiffs' supplemental briefing and (2) for clarification of the Court's February 7 order (Dkt. #41 at pp. 3–6).  As cited above, the Court's February 7 order reads:

> The parties shall complete jurisdictional discovery with **twenty-one (21) days** of this order—**February 28, 2019**. The parties shall amend or supplement the briefing related to [Defendant's] motion to dismiss within **eight (8) days** of completing jurisdictional discovery—**March 8, 2019**.

(Dkt. #24 at pp. 4–5) (emphasis in original).

In their motion to strike, Plaintiffs simultaneously construe the Court's order in opposite directions.  On the one hand, Plaintiffs seek to adopt a strict interpretation of the Court's Order as it relates to Defendant failing to seek leave of court before filings its reply:

> In accordance with [the Court's February 7 order] both parties submitted significant briefing on March 8th.  The February 7th Order did not contemplate or allow for any further briefing after March 8th.  Thus, "[a]bsent leave of court, no further submissions

---

2. Defendant titles the filing, "Defendant Micro Focus International PLC's Response to Wapp's Supplemental Brief Regarding the Motion to Dismiss . . . ."  (Dkt. #36).  The Court labels this filing a "reply" to avoid confusion.

on the motion are allowed." (Local Rule CV-7(f).) Yesterday [(March 12, 2019)], however, [Defendant] filed the eleven-page Post-Briefing Reply (D.I. 36), which raised substantial new arguments.

(Dkt. #41 at p. 3). In other words, as the Court's order did not specifically contemplate Defendant's reply, and because Defendant did not seek leave of court to file the reply, Plaintiffs argue the Court should strike Defendant's reply.

On the other hand, Plaintiffs seek to adopt a liberal interpretation of the Court's Order as it relates to Plaintiffs' failure to seek leave of court before filing their Amended Complaint:

> In the untimely Post-Briefing Reply, [Defendant] accuses [Plaintiffs] of improperly filing [their] First Amended Complaint (D.I. 28) without having sought leave. The Court's February 7th Order, however, specifically mentions that the parties "shall amend or supplement the briefing." As it did not make sense to "amend" the briefing, [Plaintiffs] understood this directive as allowing for [Plaintiffs] to amend [their] Complaint if [they] learned through the jurisdictional discovery that the named parties should be changed in some way.

(Dkt. #41 at p. 4). In other words, because amending their brief "did not make sense" to Plaintiffs, and as Plaintiffs read the word "briefing" as "pleading," Plaintiffs believed they were not required to seek leave of court to file their Amended Complaint.

## I. Defendant's Reply

The Court's order did not contemplate replies to the parties' supplemental briefing. Defendant explains why it filed the reply, but does not state why it did not seek leave of court before filing the reply:

> Because [Plaintiffs'] supplemental brief was premised on new theories and misleading characterizations of the evidence, and because [Plaintiffs] improperly filed an amended pleading with its supplemental brief, [Defendant] believes a responsive brief is appropriate.

(Dkt. #42 at p. 2).

The Court reminds the parties to review Local Rule CV-7(f) concerning the filing of additional briefing.[3] However, the Court cannot identify any harm caused by Defendant's unauthorized filing of its reply. Therefore, the Court **DENIES** Plaintiffs' request to strike Defendant's reply. *Hollier v. Jefferson Cty.*, 1:10CV314, 2010 WL 11628652, at *2 (E.D. Tex. Dec. 1, 2010) (stating that it is within a court's discretion to strike a response or reply that violates the Local Rules without seeking leave of court).

As an alternative to striking Defendant's reply, Plaintiffs request to file a responsive brief to Defendant's reply (Dkt. #41 at pp. 3–4). The issues before the Court are sufficiently briefed. Therefore, the Court **DENIES** Plaintiffs' request to file additional briefing.

## II. Amended Complaint

Plaintiffs next request clarification of the Court's February 7 order (Dkt. #41 at p. 4). Specifically, Plaintiffs ask the Court to clarify whether the order enabled Plaintiffs to file their Amended Complaint without seeking leave of court. If the order did not allow for amended pleadings, Plaintiffs request "leave to amend be given and will file a formal motion to that effect if the Court so wishes." (Dkt. #41 at p. 4).

Although the Court's December 20 order may have contemplated the filing of amended pleadings without seeking leave of court, the Court's February 7 order did not.[4] Plaintiffs explain why they did not seek leave of court before filing their Amended Complaint:

> The Court's February 7th Order, however, specifically mentions that
> the parties "shall amend or supplement the briefing." As it did not
> make sense to "amend" the briefing, [Plaintiffs] understood this

---

3. "Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may serve and file a reply brief responding to the issues raised in the response within seven days from the date the response is served. A sur-reply responding to issues raised in the reply may be served and filed within seven days from the date the reply is served. The court need not wait for the reply or sur-reply before ruling on the motion. *Absent leave of court, no further submissions on the motion are allowed*." (emphasis added).

4. "The parties shall have **fifteen (15) days** from the date Defendant responds to Plaintiffs' discovery requests to supplement or amend *the pleadings*." (Dkt. #17 at p. 5) (emphasis added). Plaintiffs did not file their Amended Complaint within the 45 days provided by the December 20 order.

> directive as allowing for [Plaintiffs] to amend [their] Complaint if
> [they] learned through the jurisdictional discovery that the named
> parties should be changed in some way.

(Dkt. #41 at p. 4). Accordingly, Plaintiffs Amended their Complaint and added five parties to the

lawsuit.

There are two issues with Plaintiffs' explanation. First, the Court—as might be expected—

finds that its order "makes sense." Defendant also did not find the Court's order confusing:

> [Plaintiffs] argue[ ] "it did not make sense to 'amend' the briefing,"
> and that [Plaintiffs] therefore interpreted the word "amend" as
> giving permission to amend the Complaint. Dkt. No. 41 at 3. Given
> the breadth and volume of discovery [Plaintiffs were] provided
> pursuant to [their] requests, there is nothing nonsensical about
> [Plaintiffs] having the opportunity to amend [their] briefing on the
> issue of personal jurisdiction, to which the discovery was directed.
> For example, if [Plaintiffs] learned during jurisdictional discovery
> that some of [their] arguments in [their] opposition brief were false,
> [they] should have amended the brief to drop those arguments.

(Dkt. #42 at p. 4). The Court did not know whether jurisdictional discovery would confirm the

parties' initial arguments. Therefore, the Court provided the parties the opportunity to amend (i.e.,

to change or modify) or supplement (i.e., to enhance or add additional evidence to support) their

previous arguments. This interpretation of the order makes more sense than Plaintiffs' reading of

"briefing" as "pleading."

Second, if the Court's order truly confused Plaintiffs, Plaintiffs should have sought

clarification of the order before filing their Amended Complaint. Tellingly, Plaintiffs could have

sought this clarification in a motion seeking leave of court to file the Amended Complaint—

avoiding the current issue altogether.

The Court's order did not enable the parties to file amended pleadings without seeking

leave of court as provided by Federal Rule of Civil Procedure 15. The Court will not grant

Plaintiffs leave of court at this time because Plaintiffs do not specify why leave should be granted

in their motion (*See* Dkt. #41 at p. 4).  Therefore, Plaintiffs must file a motion for leave that will retroactively affect the Amended Complaint.  This decision also satisfies Defendant's request for an "opportunity to properly oppose" Plaintiffs' filing of the Amended Complaint (Dkt. #42 at p. 5).

## CONCLUSION

The Court therefore **DENIES** Plaintiffs' Motion to the extent it seeks to strike Defendant's Supplemental Brief Regarding the Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. #41). Concerning Plaintiffs' request for clarification, the Court **ORDERS** Plaintiffs to file a motion requesting leave of court to file their Amended Complaint within **three (3) days** of this order. Otherwise, the Court will strike the Amended Complaint.

**IT IS SO ORDERED.**

**SIGNED this 6th day of June, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE