IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP.,<br><br>  Plaintiffs,<br><br>  v.<br><br>SEATTLE SPINCO, INC. ET AL.,<br><br>  Defendants. | C.A. No. 4:18-cv-00469-ALM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' SUR-REPLY
RE DEFENDANTS' MOTION TO TRANSFER**

Timothy Devlin
Henrik D. Parker
1526 Gilpin Ave
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
hparker@devlinlawfirm.com

Jeffrey G. Toler
Texas State Bar No. 24011201
TOLER LAW GROUP, PC
8500 Bluffstone Cove, Suite A201
Austin, TX 78759
(512) 327-5515
jtoler@tlgiplaw.com

ATTORNEYS FOR PLAINTIFFS
WAPP TECH LIMITED PARTNERSHIP
AND WAPP TECH CORP

The MF Defendants' Reply continues their campaign to burden this Court and Wapp with unnecessary delay, effort, and expense while seeking to avoid proceeding in this Court. Because the MF Defendants' arguments are legally flawed and repeatedly factually incorrect, they should be rejected and their Motion to Transfer denied. It is time for this action to move forward.

I.  **THERE IS NO LEGITIMATE DISPUTE THAT WAPP MADE A MISTAKE AS TO WHICH ENTITIES WERE RESPONSIBLE FOR THE INFRINGEMENT**

Given the evidence of record, and particularly the Lowe Declaration, there can be no legitimate dispute that Wapp made an honest mistake *as to which entity or entities was legally responsible* for the patent infringement. (Opp. at 4-7.) Thus, contrary to the Micro Focus Defendants' contention (Reply at 2), this is not a situation where Wapp learned of new defendants against who Wapp could assert causes of action, but rather Wapp learned of the identities of the parties who it *originally* intended to sue but for its mistake. The fact pattern discussed by the Supreme Court in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010), and quoted in Wapp's Opposition at 5 is the same situation as here and its logic applies.

It should also be noted that, while the MF Defendants contend that any misleading communications that were made after the filing of the original Complaint are irrelevant (Reply at 3), those communications were being made while the MF Defendants were surreptitiously preparing the declaratory judgment complaint for filing in Delaware. Had Micro Focus been forthright, the Micro Focus Defendants could have been added to this action before any such Delaware action, thus removing the entire basis for this motion.

II. **THE MF DEFENDANTS CONTINUE THEIR EFFORTS TO DELAY PROCEEDING TO THE MERITS BEFORE THIS COURT WHILE MISCHARACTERIZING THE FACTS**

    A.  **The MF Defendants' New Demand For Discovery Is Both Untimely and Another Delaying Tactic**

The MF Defendants' late demand for broad discovery of Wapp before resolving the present motion (Reply at 2) should be rejected as untimely, unnecessary, and inappropriate. The

MF Defendants have known for many months of Wapp's positions that: (1) it made an honest mistake in suing MF plc; and (2) any contention that suing MF plc was a strategic decision was ridiculous; yet the MF Defendants have never before sought discovery.

In particular, Wapp's positions were laid out three and a half months ago in Wapp's June 28th Reply Re Motion for Leave to File a First Amended Complaint.  (Dkt. No. 69 at 3-5 and Exh. A thereto.)  Although the MF Defendants filed a Sur-Reply in response (Dkt. No. 70), they made no request for discovery then or afterwards.  Furthermore, this Court two months ago found "little evidence to support Defendant's bad-faith assertion" when the Court granted Wapp leave to file an amended complaint.  (Dkt. No. 75 at 19.)  Despite this finding, the MF Defendants still sought no discovery before filing the present Motion to Transfer a month later.

Given these facts, the MF Defendants' request for discovery should be seen for what it is: one more attempt at gamesmanship.

**B.     The MF Defendants' Contention that Wapp Waived Privilege Is Without Basis**

The MF Defendants erroneously contend that Wapp somehow waived privilege simply by saying that Wapp ***did not have*** certain discussions (Reply at 2).  This is a significant overreach.  Mr. Lowe's statement that Wapp "never discussed" intentionally suing the wrong party does not implicate communications with counsel in any way.  There is no mention of discussions with counsel versus others, much less of any *particular* communication with counsel or any affirmative reliance on a communication with counsel.  Indeed, even if the Court were to interpret the statement as somehow encompassing discussions with counsel (which it does not), Mr. Lowe's statement is the very antithesis of reliance on a communication in that it states that ***there was never any communication at all***.

### III. THE MF DEFENDANTS MISLEAD THIS COURT IN DISCUSSING THE CONFIDENTIAL INFORMATION THAT THEY REFUSE TO ALLOW WAPP TO PROVIDE TO THIS COURT

The MF Defendants go too far when characterizing the parties' positions with respect to what confidential information can be disclosed to this Court. (Reply at 3 and Reiter Declaration.) As detailed in the attached Declaration of Henrik Parker, Wapp has been hamstrung from informing this Court of certain representations made by Micro Focus and its counsel by contractual obligations entered into with Micro Focus International plc ("MF plc") – contractual obligations that Wapp has sought to honor. For example, the agreement between MF plc and Wapp had made even the existence of the agreement confidential. (Parker Decl. at ¶4.) MF plc and its counsel, on the other hand, have now violated those obligations by sharing information with the MF Defendants here, who then specifically discussed the underlying confidentiality agreement in their reply papers despite that its very existence was confidential (*see* Reply at 3; Reiter Decl. at ¶3).

As to the mischaracterized discussions between counsel for MF plc (who is also counsel for the MF Defendants) and counsel for Wapp, Wapp's counsel sought permission to disclose certain limited statements having to do with the logistics, participants, and procedure surrounding the confidential discussions while maintaining the actual substantive discussions as confidential. (Parker Decl. at ¶¶6-7.) MF plc's counsel, however, countered by seeking to de-classify the entirety of the underlying substantive confidential discussions. (*Id.* at ¶8.) Because the discussions were between Wapp and MF plc and included substantial sensitive information having no bearing on the present issues but which would be potentially prejudicial to Wapp if disclosed to the MF Defendants and to defendants in the other parallel actions before this Court, Wapp did not believe that such a broad declassification was appropriate and told MF plc's counsel the same. (*Id.* at ¶9.) Given that MF plc gave no reason why such information might be

3

relevant here (*id.* at ¶10), and there was a significant risk that agreeing to MF plc's proposal would allow MF plc to share sensitive information with other entities, Wapp saw no reason to expose that information. (*Id.* at ¶11.) Wapp was *not* trying to "cherry-pick portions of the record." (Reply at 3.)

*For the MF Defendants to say* that "Wapp will not permit disclosure of information that will prove [the] falsity" of Wapp's assertion that it was misled by MF plc (Reply at 3) is wholly disingenuous. Even if such information existed—and it does not—the MF Defendants are not supposed to know of it.)

## IV.  THE ORIGINAL COMPLAINT AND THE DELAWARE DECLARATORY JUDGMENT ACTION ARE DISPOSITIVE AS TO THE MF DEFENDANTS' KNOWLEDGE OF WAPP'S MISTAKE

The MF Defendants read too much into the caselaw relating to their knowledge of the mistaken naming of parties in this action when they argue about "information in the plaintiff's possession" being relevant. (Reply at 3-4.) The key, dispositive facts as to whether or not the MF Defendants knew, or should have known, that they would have been sued but for Wapp's honest mistake are these:

(1) The MF Defendants have never disputed that they were aware of the original Complaint in this action.

(2) There is no dispute that the original Complaint accused multiple specific Micro Focus products of infringing three U.S. Patents.

(3) The MF Defendants knew that they were responsible for the accused products and for any infringement liability as indisputably shown by the filing of their declaratory judgment action in Delaware, in which they affirmatively claimed responsibility.

Given these undisputable facts, and in particular the filing of the DJ action in Delaware, the MF Defendants obviously knew that Wapp's patent infringement accusations against MF plc

4

were mis-directed, and that any such patent infringement accusations should have been directed against the MF Defendants.

MF Defendants' description of Wapp's suing MF plc as a "litigation strategy" (Reply at 4) is both wrong and makes no difference. The MF Defendants specifically concede that they "have not alleged that Wapp's litigation strategy was 'underhanded' or in 'bad faith.'" (*Id.*) In the admitted absence of bad faith, however, if MF plc was not the party responsible for the infringement (as the MF Defendants contend), then Wapp's suing MF plc for that infringement was necessarily a mistake. Since the MF Defendants knew who was responsible for the alleged infringement, they also necessarily knew of the mistake.

## V.   CONCLUSION

For the reasons set forth above and in Wapp's previous Response, the Motion to Transfer should be denied.

Dated: October 11, 2019

/s/ *Henrik D. Parker*
Timothy Devlin
Henrik D. Parker
DEVLIN LAW FIRM LLC
1526 Gilpin Ave
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com
hparker@devlinlawfirm.com

Jeffrey G. Toler (State Bar No. 24011201)
TOLER LAW GROUP, PC
8500 Bluffstone Cove, Suite A201
Austin, TX 78759
(512) 327-5515
jtoler@tlgiplaw.com

ATTORNEYS FOR PLAINTIFFS
WAPP TECH LIMITED PARTNERSHIP
AND WAPP TECH CORP.

## CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2019, all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                                                      /s/ *Henrik Parker*
                                                       Henrik Parker