# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. | § § § | |
| v. | § § § | Civil Action No. 4:18-CV-00469<br>Judge Mazzant |
| SEATTLE SPINCO, INC. ET AL., | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Seattle SpinCo Inc., EntIT Software LLC, EntCo Interactive (Israel) Ltd., Entco Government Software LLC, and Micro Focus (US) Inc.'s (collectively, "Defendants") Motion to Transfer (Dkt. #98). Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs filed this suit on July 2, 2018, alleging patent infringement of United States Patent Numbers 9,971,678, 9,298,864, and 8,924,192 (Dkt. #1).[1] On October 17, 2018, Defendant Micro Focus International, PLC ("Micro Focus International") filed a Motion to Dismiss for Lack of Personal Jurisdiction, Failure to Serve and Improper Service of the Complaint (Dkt. #12). After a careful review of Micro Focus International's motion to dismiss, the Court ordered the parties to conduct jurisdictional discovery on December 20, 2018 (Dkt. #17).

On March 8, 2019, the parties filed supplemental briefing on Micro Focus International's motion to dismiss (Dkt. #30; Dkt. #32). On the same day, without seeking leave of court, Plaintiffs filed a First Amended Complaint adding five additional parties—Seattle SpinCo Inc., EntIT

---

[1] Plaintiffs filed three other related cases in this Court. *See Wapp Tech Ltd. P'ship v. Hewlett-Packard Enter. Co.* 4:18-CV-468-ALM; *Wapp Tech Ltd. P'ship v. Wells Fargo & Co.*, 4:18-CV-501-ALM; *Wapp Tech Ltd. P'ship v. Bank of Am. Corp.*, 4:18-CV-519-ALM.

Software LLC, EntCo Interactive (Israel) Ltd., Entco Government Software LLC, and Micro Focus (US) Inc. (Dkt. #28 ¶¶ 7–11). The Court ordered Plaintiffs to file a motion for leave to rectify Plaintiffs' improper filing of the First Amended Complaint without leave of court (Dkt. #60).

Pursuant to the Court's order, Plaintiffs filed a Motion for Leave to File First Amended Complaint on June 10, 2019 (Dkt. #63). On June 21, 2019, Micro Focus International filed a response to Plaintiffs' motion for leave (Dkt. #67). Micro Focus International argued that the Court should deny Plaintiffs' motion because it was futile—specifically, Micro Focus International explained that on October 15, 2018, SSI and EntIT filed a declaratory judgment action in the United States District Court for the District of Delaware ("Delaware Suit") asserting that the patents at issue in this case are invalid (Dkt. #67 at p. 9). Although this case was filed on July 2, 2018, Micro Focus International contended that Plaintiffs' proposed First Amended Complaint adding SSI and EntIT cannot relate back to July 2 (Dkt. #67 at p. 13). As the First Amended Complaint cannot relate back to July 2, Micro Focus International concluded that the Delaware Suit is the first-filed suit (Dkt. #67 at pp. 17–19). Pursuant to the first-to-file rule, Micro Focus International argued that adding its subsidiaries to this suit would be futile, because the case must proceed in Delaware (Dkt. #67 at pp. 17–19).

In granting Plaintiffs' Motion for Leave to File First Amended Complaint, the Court noted that:

> [Micro Focus International] claims that only two of the five parties added by Plaintiffs' proposed First Amended Complaint are parties to the Delaware Suit. As a result, it is not futile to add the three other parties. Concerning SSI and EntIT[, which are parties in the Delaware Suit], the Court does not believe that an amendment is futile simply because the amendment may require the case to be transferred. The first-to-file rule is a venue and efficiency consideration, not an adjudication on the merits or a question of jurisdiction.

(Dkt. #75 at p. 18). But the Court reserved the question of whether the first-to-file rule would subsequently require transferring this case to the District of Delaware (Dkt. #75 at p. 19). And the

2

Court dismissed Micro Focus International from the suit since the Court did not have personal jurisdiction over Micro Focus International (Dkt. #75 at p. 17).

So, unsurprisingly, Defendants filed their Motion to Transfer on September 17, 2019 (Dkt. #98). On October 1, 2019, Plaintiffs responded (Dkt. #101). Defendants filed their reply on October 9, 2019; Plaintiffs sur-reply was filed on October 11, 2019 (Dkt. #107; Dkt. #108).

## LEGAL STANDARD

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999). The rule "rests on principles of comity and sound judicial administration," and the rule's concern is to "avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Id.* (quotation omitted).

"When a party moves to transfer under the first-to-file rule, the second-filed court must examine the two pending cases to see if the subject matter 'might substantially overlap.'" *Brown v. Peco Foods, Inc.*, 4:07CV99-KS-MTP, 2008 WL 4145428, at *2 (S.D. Miss. Feb. 25, 2008) (quoting *Cadle*, 174 F.3d at 606). "If the likelihood of substantial overlap exists, then 'the proper course of action [is] for the [second-filed] court to transfer the case' to the first-filed court." *Id.* (quoting *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).

## ANALYSIS

This motion is easily disposed of. Defendants' argument is not that this case—when viewed on a timeline—was filed after the Delaware Suit. This suit was unquestionably filed first (Dkt. #98 at p. 5). The issue, according to Defendants, is that the Court did not have personal

3

jurisdiction over Micro Focus International, the original Defendant (Dkt. #98 at p. 5). So according to Defendants, it was not until Plaintiffs filed their amended complaint—which included for the first time parties that the Court had jurisdiction over—that the Court "came into possession of the controversy" (Dkt. #98 at p. 5). And because the amended complaint allegedly cannot relate back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(C), Defendants' logic dictates that amended complaint post-dates the Delaware Suit, necessitating transfer under the first-to-file rule (Dkt. #98 at p. 5).

Defendants' argument misses the mark at its inception. The argument's threshold premise—that the Court could not possess this controversy for purposes of the first-to-file rule until the date of the amended complaint because it did not have personal jurisdiction over Micro Focus International—is erroneous. Unsurprisingly, Defendants cite *no* case supporting this argument in their motion.[2] And a thorough examination of the Fifth Circuit's decision in *Cadle* illustrates why Defendants' argument is unpersuasive.

In *Cadle*, the Fifth Circuit examined the "contours of the [first-to-file] rule" in detail. 174 F.3d at 603. The case was on appeal from the "second-filed" court, which had applied the first-to-file rule to dismiss the case. *Id.* at 600. The lower court did so over Cadle's objection that the court should apply the rule only if the first-filed court's jurisdiction was proper. *Id.* The Fifth Circuit rejected Cadle's argument that it should "establish a jurisdictional precondition for the first-to-file rule." *Id.* at 600–603.

Specifically, the Fifth Circuit noted that Cadle's argument "imported this notion from the doctrine of collateral estoppel, which 'applies to bar litigation of an issue previously decided in

---

[2] Defendants do cite the general proposition that without jurisdiction, a Court is "powerless to proceed to an adjudication." (Dkt. #98 at p. 6) (quoting *Ruhrgas Ag v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)). While accurate, that general rule does not support the premise Defendants take for granted: that the first-to-file rule turns on a "jurisdictional precondition"—it does not. *See Cadle Co.*, 174 F.3d at 603–06; *infra* pp. 4–7.

4

another proceeding by a court of competent jurisdiction . . . .'" *Id.* at 603 (quoting *Copeland v. Merrill Lynch & Co., Inc.*, 47 F.3d 1415, 1421 (5th Cir. 1995)). But unlike with the collateral-estoppel doctrine, it "makes no sense to . . . establish a jurisdictional precondition for the first-to-file rule . . . ." *Id.* The Fifth Circuit elaborated, explaining that because the first-to-file rule is a "forward-looking doctrine" used to "maximize judicial economy and minimize embarrassing inconsistencies"—and not a doctrine binding the litigants to any prior ruling—"there is no reason to examine the jurisdiction of the first-filed court." *Id.* at 604.

In coming to this conclusion, the Fifth Circuit found only one case to support Cadle's argument—*Jefferson Ward Stores, Inc. v. Doody Co.*, 560 F. Supp. 35 (E.D. Pa. 1983). *Id.* In *Jefferson Ward*, the Eastern District of Pennsylvania stated: "It is not the first case filed which has precedence, but the court first obtaining jurisdiction of the parties and the issues which should proceed with the litigation." *Id.* (internal quotation marks omitted). Noting that while this "excerpt would seem to lend support to Cadle's view . . . *Jefferson Ward*'s analysis of the first-to-file rule [] is unpersuasive." *Id.*

Indeed, there is only one role the jurisdiction of the first-filed court *might* play in the analysis: when there are potential jurisdictional questions present in the first-filed case that are absent in the second-filed case, the first-filed court *may* decline to exercise its priority. *Id.* at 604–05. In those "exceptional circumstances," the first-filed court may find that it should not exercise its priority under the rule in order to promote the considerations of judicial economy "so central to the first-to-file rule." *Id.* at 605. But that decision is a "balancing act [] reserved only for the first-filed court." *Id.*

Here, this Court is unquestionably the first-filed court. As the Fifth Circuit's decision in *Cadle* makes clear, a jurisdictional question does nothing to alter the timeline with respect to the

5

first-to-file rule—at most, jurisdictional issues in the first-filed court can be *considered* by that court in determining whether to exercise its priority. *See id.* at 604–05. But the Court has already disposed of any potential jurisdictional issues by dismissing Micro Focus International from the suit for lack of personal jurisdiction (Dkt. #75 at p. 17). It would make no sense given the first-to-file rule's underpinnings—which are to "maximize judicial economy and minimize embarrassing inconsistencies"[3]—for the Court to now decline to exercise its priority *after* resolving the jurisdictional challenges here. *See id.* at 605. This is particularly true in this case, where United States District Judge Richard Andrews stayed the Delaware Suit to support judicial economy and remarked that "[i]t certainly looks like the case in Texas is the first filed case." *Seattle SpinCo, Inc. v. Wapp Tech Ltd. P'ship*, No. 1:18-cv-01585-RGA, (Dkt. #43 at pp. 3, 9).

Unsurprisingly, Defendants do not attempt to engage with the *Cadle* court's analysis, despite citing *Cadle* for general propositions about the first-to-file rule in their briefing (Dkt. #98 at pp. 16, 19). And while Defendants make the wise strategic choice not to openly cite *Jefferson Ward* for support—a case the Fifth Circuit deemed "unpersuasive"—their argument is identical to the *Jefferson Ward* court's holding. *Compare* (Dkt. #98 at p. 6) ("Because this Court had no personal jurisdiction over the only defendant in this lawsuit for the first 13 months of the suit's existence, the Court did not take possession of the controversy until August 20, 2019 . . . ."), *with Jefferson Ward*, 560 F. Supp. At 37 ("It is not the first case filed which has precedence, but the court first *obtaining jurisdiction* of the parties and the issues which should proceed with the litigation.") (emphasis in original) (internal quotation marks omitted). In fact, Defendants realize their argument is "very similar" to the situation in *Jefferson Ward*, citing the case to Judge Andrews in an unsuccessful attempt to proceed with the Delaware Suit. *Seattle SpinCo*, No. 1:18-

---

[3] *Id.* at 604.

cv-01585-RGA, (Dkt. #43 at pp. 6–7) (explaining during a hearing before Judge Andrews that the *Jefferson Ward* case represented a "very similar situation.").

The first-to-file rule rests on principles of "comity and sound judicial administration." *Cadle*, 174 F.3d at 606. It does not exist to allow Defendants to forum shop by: first, creating a second-filed suit in their preferred forum after the first-filed suit had been pending for months; and then, seize upon some deficiency in Plaintiffs' original complaint to argue that the case was actually filed first in Defendants' preferred forum. Yet that is what Defendants urge the Court to condone. It will not. Because this case was the first filed under the first-to-file rule, and keeping the case here promotes judicial economy, the Court denies Defendants' Motion to Transfer.[4]

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Transfer (Dkt. #98) is hereby **DENIED**.

**SIGNED this 18th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court finds that Defendants' threshold premise is incorrect, it does not address Defendants' argument that Plaintiffs' amended complaint does not relate back for purposes of Rule 15(c)(1)(C).