# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP. § § § v. § § SEATTLE SPINCO INC., ENTIT § SOFTWARE LLC, ENTCO § INTERACTIVE (ISRAEL) LTD, ENTCO § GOVERNMENT SOFTWARE LLC, and § MICRO FOCUS (US) INC. § | Civil Action No.  4:18-CV-00469 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant EntCo Interactive (Israel) Ltd's ("EntCo Israel") Motion to Dismiss (Dkt. #115) and Renewed Motion to Dismiss (Dkt. #133); and Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s (collectively, "Wapp") Contingent Motion to Add EntCo Interactive (Israel) Ltd as a Party (Dkt. #120).  After reviewing the relevant pleadings and motions, the Court finds that EntCo Israel's motions should be denied and that Wapp's motion should be denied as moot.

## BACKGROUND

On August 20, 2019, Wapp filed its Second Amended Complaint (the "Complaint") asserting claims for patent infringement (Dkt. #76).  Wapp's Complaint enumerated claims against five parties: (1) Seattle SpinCo Inc.; (2) EntIT Software LLC; (3) EntCo Israel; (4) Entco Government Software LLC; and (5) Micro Focus (US) Inc. (Dkt. #76).  While Wapp quickly served four of these parties, Wapp did not serve EntCo Israel until December 1, 2019—103 days after the Complaint's filing (Dkt. #127).

On November 20, 2019, EntCo Israel filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) (Dkt. #115). Wapp filed a response to the motion on December 2, 2019 (Dkt. #118). On December 10, 2019, EntCo Israel filed its reply (Dkt. #123).

On December 3, 2019, Wapp filed its contingent motion to add EntCo Israel as a party if the Court were to grant EntCo Israel's motion to dismiss (Dkt. #120). On December 10, 2019, EntCo Israel filed its response (Dkt. #124).

Before the Court issued an order, EntCo Israel filed its renewed motion to dismiss on December 19, 2019 (Dkt. #133). On December 30, 2019, Wapp filed its response to the renewed motion (Dkt. #135). And, on January 6, 2020, EntCo Israel filed its reply (Dkt. #136).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) provides that a party may file a motion to dismiss for insufficient service of process. A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

Rule 4(h)(2) governs service on a foreign corporation. FED. R. CIV. P. 4(h)(2). It states that a foreign corporation must be served in a manner prescribed by Rule 4(f). FED. R. CIV. P. 4(h)(2). Under Rule 4(f), service may be "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f).

## ANALYSIS

EntCo Israel seeks dismissal under Rule 12(b)(5) based on improper service by Wapp (Dkt. #115; Dkt. #133). EntCo Israel asserts that, per the Court's Order Governing Proceedings (Dkt. #82 at p. 5), Wapp was required to serve every defendant within 90 days after filing its

Complaint or otherwise needed to show good cause as to why service was not made prior to the expiration of the 90-day period (Dkt. #115 at p. 4). EntCo Israel contends that because Wapp did not satisfy either of these requirements, the Court must dismiss EntCo Israel from the case (Dkt. #115 at p. 4).

Wapp counters that the time period to serve EntCo Israel is longer given that EntCo Israel is a foreign entity (Dkt. #118 at pp. 4–5). Even so, Wapp asserts that it has shown good cause under Rule 4(m) for the delayed service because the United States Post Service lost the service package that it sent to EntCo Israel during the 90-day period (Dkt. #118 at p. 4). Because good cause exists, according to Wapp, the Court should extend time for service (Dkt. #118). The Court agrees with Wapp in that the deadline for service extends beyond the 90-day limit under Rule 4(m) due to EntCo Israel's status as a foreign entity; therefore, the Court finds that Wapp's service is sufficient and EntCo Israel's 12(b)(5) motion to dismiss must be denied.

The Court looks to both the Order Governing Proceedings and Rule 4 to determine the timeliness of Wapp's service on EntCo Israel. *See Aguirre v. ISC Constructors, LLC*, 70 F. Supp. 3d 766, 774 (E.D. Tex. 2014) (applying both the court's order governing proceedings and Rule 4(m)); *see also* FED. R. CIV. P. 83(a)(1) (stating that a local rule must be consistent with federal statutes); *Levitt-Stein v. Citigroup, Inc.*, 284 F. App'x 114, 117 (5th Cir. 2008) (holding that, under Rule 83(a)(1), local rules cannot be inconsistent with the Federal Rules of Civil Procedure). To start, the Court's Order Governing Proceedings provides that:

> Any defendant who has not been served with the summons and complaint within **90 days** after the filing of the complaint **shall be dismissed, without further notice**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. (*See* Fed. R. Civ. P. 4(m)).

(Dkt. #82 at p. 5) (emphasis in original).

Here, Wapp filed its complaint on August 20, 2019 (Dkt. #76). Under the Order Governing Proceedings, Wapp was required to serve EntCo Israel or to show good cause for an extension of service—within 90 days of the Complaint's filing—by November 18, 2019. *See Aguirre*, 70 F. Supp. 3d at 777 (emphasis in original) (stating that "if the plaintiff required an extension, good cause was required to be shown by the plaintiff[] *prior* to the expiration" of the time for service). Wapp did neither. *See* (Dkt. #127).

Despite Wapp's failure to adhere to the Order Governing Proceedings, the Court must still consider whether service was sufficient under Rule 4. *See id.* (considering both the order governing proceedings and Rule 4(m)); FED. R. CIV. P. 83(a)(1); *Levitt-Stein*, 284 F. App'x at 117. In many cases, Rule 4(m) provides parties with a 90-day deadline by which to effectuate service. *See* FED. R. CIV. P. 4(m). But, where, as here, the defendant is a foreign corporation, the time limit prescribed by Rule 4(m) does not apply. FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 4 advisory committee's note to 1993 amendment (stating that "[t]he Hague Convention does not specify a time" within which service must be effectuated).

While the 90-day time limit does not apply to service on EntCo Israel, "this does not mean that the time to serve process in a foreign country is unlimited." *Walker v. Transfrontera CV de SA*, 634 F. App'x 422, 430 (5th Cir. 2015) (per curiam) (citing *Lozano v. Bosdet*, 693 F.3d 485, 488–89 (5th Cir. 2012)). If service is prolonged, the Court may still dismiss a case without prejudice "when the [C]ourt determines in its discretion that the plaintiff has not demonstrated reasonable diligence in attempting service." *Id.* (internal quotation marks omitted) (quoting *Lozano*, 693 F.3d at 489).

Here, Wapp "initiated" service on EntCo Israel on September 9, 2019—only 20 days after filing its Complaint (Dkt. #118, Exhibit 1). While Wapp's first attempt failed through no fault of

4

its own, Wapp's second attempt to serve EntCo Israel was successful—effectuating service just 103 days after Wapp filed the Complaint. The Court therefore finds that Wapp has demonstrated reasonable diligence in attempting service.[1] Because Wapp's service of process is not subject to the 90-day limit of Rule 4(m) and because Wapp otherwise acted reasonably diligent in serving EntCo Israel, the Court finds that EntCo Israel's motion to dismiss must be denied. *Hegwood v. Ross Stores, Inc.*, No. 304CV2674BHGECF, 2006 WL 8437337, at *4 (N.D. Tex. June 30, 2006); *Flock v. Scripto-Tokai Corp.* No. Civ.A.H-00-3794, 2001 WL 34111630, at *6 (S.D. Tex. July 23, 2001).

## CONCLUSION

It is therefore **ORDERED** that Defendant EntCo Interactive (Israel) Ltd's Motion to Dismiss (Dkt. #115) and Renewed Motion to Dismiss (Dkt. #133) are hereby **DENIED**.

It is further **ORDERED** that Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp.'s Contingent Motion to Add EntCo Interactive (Israel) Ltd as a Party (Dkt. #120) is hereby **DENIED as moot**.

**SIGNED this 7th day of July, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[1] *C.f. id.* (finding that the plaintiff did not act with reasonable diligence when he had not effectuated service within 231 days of filing the complaint); *Traxcell Techs., LLC v. Nokia Sols. & Networks US LLC*, No. 2:18-CV-412-RWS-RSP, 2019 WL 8137134, at *4 (E.D. Tex. Oct. 22, 2019) (finding that the plaintiff had not demonstrated reasonable diligence when it attempted service at least 6 times, none of which complied with the Hague Convention); *Veliz v. Rimax Contractors, Inc.*, No. 15-6339, 2016 WL 1704496, at *3 (E.D. La. Apr. 28, 2016) (finding that the plaintiff did not act with reasonable diligence when he did not attempt proper service under Rule 4(f) within 5 months of filing his complaint).