**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | Civil Action No. 4:18-cv-00469-ALM |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| SEATTLE SPINCO, INC., ET AL., | |
| Defendants. | |
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | Civil Action No. 4:18-cv-00501-ALM |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| WELLS FARGO, N.A. | |
| Defendant. | |
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., | Civil Action No. 4:18-cv-00519-ALM |
| Plaintiffs, | |
| v. | JURY TRIAL DEMANDED |
| BANK OF AMERICA, N.A., | |
| Defendant. | |

**DECLARATION OF ROBERT F. KRAMER IN OPPOSITION
TO DEFENDANTS' MOTIONS TO STRIKE INFRINGEMENT CONTENTIONS**

1.     I am a partner of the law firm Feinberg Day Kramer Alberti Lim Tonkovich & Belloli LLP ("Feinberg Day"), counsel of record for plaintiffs.  I make this declaration based on my own personal knowledge, and based on records maintained by Feinberg Day in the ordinary

1

course of business, to which I have access and upon which I rely in the course of performing my

duties to Feinberg Day and its clients, including plaintiffs Wapp Tech Limited Partnership, and

Wapp Tech Corp. (collectively, "Wapp" or "plaintiffs").

2.      I submit this declaration in opposition to Defendants Seattle Spinco, Inc., EntIT

Software, LLC, EntCO Interactive (Israel) Ltd., Entco Government Software, LLC, and Micro

Focus (US) Inc. ( "Micro Focus"), Defendant Wells Fargo Bank, N.A. (Wells Fargo"), and

Defendant Bank of America, N.A. ("Bank of America") (collectively "Defendants")'s motions to

strike the Second Updated Infringement Contentions.

3.      Beginning in March 2020, a team of attorneys from my law firm including myself

began conferring with Wapp and its prior counsel concerning the above-captioned cases.  From

March through May 2020, the Feinberg Day team conducted an in-depth analysis of the

pleadings, patents-in-suit, and analysis of Wapp's non-confidential infringement contentions

with respect to Micro Focus, Wells Fargo and Bank of America, and other public information

about these cases.  Our team of attorneys includes multiple patent attorneys with degrees in

electrical engineering and computer science, and attorneys admitted to practice in the U.S. Patent

and Trademark Office.

4.      Commencing at the beginning of October 2020, we resumed an in-depth analysis

of Micro Focus, Wells Fargo and Bank of America's infringement of Wapp's patents at issue in

these cases.  This included an analysis of Wapp's non-confidential infringement contentions with

respect to Micro Focus, Wells Fargo and Bank of America, and other public information about

these cases, and a thorough analysis and investigation of the patents and the accused products to

understand the patents and technology at issue.

5.      Wapp's former counsel also had substantially completed the Second Updated

Disclosures of Infringement Contentions Pursuant to P.R. 3-1 (the "Second Updated Contentions") before our firm entered a notice of appearance.

6.      On October 16, 2020, I and other attorneys at our firm entered a notice of appearance for plaintiff Wapp.  During the period from before our firm appeared in the case, as discussed above, as well as from October 16 until the Second Updated Contentions were served, our team, including a large team of four attorneys with technical degrees, worked non-stop analyzing the infringement contentions.  Our work included analysis and conferring with a source code review expert who had reviewed defendant's source code working with Wapp's prior litigation counsel to fully understand and finalize the Second Updated Contentions.  Our work also included various, lengthy and in-depth telephone conferences conferring about the Second Updated Contentions with Wapp's then litigation counsel (now former litigation counsel), including Messrs. Dunham, Harkins, Livornese, all experienced patent litigators who had substantial roles analyzing and preparing Wapp's Second Updated Contentions.

7.      I reviewed a final version of the Second Updated Contentions before they were finalized and served and authorized our legal assistant to insert my name on the signature line and to take the other necessary steps to finalize the documents for service.

8.      Our experienced legal assistant, Ms. Donna Wishon, assisted by other members of our firm's team representing Wapp, served Wapp's Second Updated Contentions on defendants at approximately 10 pm Pacific time on October 19, 2020.

9.      Our legal assistant advised me that she discovered a technical problem with the service link shortly after serving the documents and immediately served the Second Updated Contentions again at 12:23am.

10.      Ms. Wishon advised me that she served the documents electronically using our

firm's OneDrive and the links in the initial service all worked, but when she tested them again, as part of her procedure for serving by this method and checking her work, there was a technical glitch and the links to the documents actually would have allowed anyone accessing the documents to click on links at the top of the screen that would allow them to navigate out to another field that was not part of the service documents. She advises me that she thus deleted those links for security purposes, and instead compressed all the documents and relinked them so that defendants' counsel when accessing them would be able to access only the intended documents, i.e., the Second Updated Contentions including all exhibits.

11.     She advises me that she did not receive any communication from defendants' counsel prior to the second service email and, to the best of her knowledge, nobody at defendants' counsel made any attempt to access the documents between the first and second service emails which were at 10:00pm and approximately 12:23am pacific time.

12.     I learned the next day, October 20, by a letter from opposing counsel that Ms. Wishon had inadvertently not affixed my signature to the Second Updated Contentions when it was finalized and served On October 19, 2020.  I instructed her to affix my signature on the documents as had been intended before they were finalized and served on October 19, 2020, and to re-serve the exact same contentions as were served on October 19, 2020, but signed with my electronic signature.

13.     Attached as **Exhibit 1** is a true and correct copy of a document produced by Micro Focus on October 22, 2020 bearing the bates range MFDEFS00169503 – MFDEFS00169539.

14.     Attached as **Exhibit 2** is a true and correct copy of an email string dated Sept. 8, 2020 from Robert Harkins to Counsel for Defendants.

15.     Attached as **Exhibit 3** is a true and correct copy of a letter from counsel for Plaintiffs to Defendants dated September 27, 2020.

16.     Attached as **Exhibit 4** is a true and correct copy of an email dated October 21, 2020 from Counsel for Plaintiff's to Counsel for Micro Focus.

17.     Attached as **Exhibit 5**  is a true and correct copy of an excerpt of a letter dated October 26, 2020 from Counsel for Micro Focus to Counsel for Plaintiff's.

18.     Attached as **Exhibit 6** is a true and correct copy of an excerpt of a letter dated October 27, 2020 from Counsel for Plaintiff's to Counsel for Micro Focus.

19.     Attached as **Exhibit 7**  is a true and correct copy of  an excerpt from the Transcript of the Telephone Conference in the above captioned cases dated August 10, 2020.

20.     Attached as **Exhibit 8** is a true and correct copy of an email dated October 22, 2020 from J.Braithwaite to Counsel for Plaintiff's.

21.     Attached as **Exhibit 9** is a true and correct copy of a letter dated October 14, 2020 from Counsel for Micro Focus to Counsel for Plaintiff's.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief.


 Dated:  November 6, 2020                      */s/ Robert F. Kramer*
                                                                Robert F. Kramer

## CERTIFICATE OF FILING UNDER SEAL

Pursuant to Paragraph (5) of the Protective Order, Plaintiffs certify that certain information contained in Exhibits 1, 5, 6 and 8 of the Declaration of Robert F. Kramer filed herewith are Confidential under the Protective Order.   Plaintiffs are therefore filing Exhibits 1, 5, 6 and 8 under seal.

*/s/ Clyde M. Siebman*
Clyde M. Siebman