# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC. ET AL., <br><br> Defendants. | Case No. 4:18-cv-00469-ALM <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' SECOND AMENDED MANDATORY DISCLOSURES

Defendants Seattle SpinCo, Inc., EntIT Software LLC, Entco Government Software LLC, and Micro Focus (US) Inc. (collectively, "Defendants"),[1] by and through their undersigned attorneys, provide the following Mandatory Disclosures ("Mandatory Disclosures") to Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Plaintiffs" or "Wapp"). Defendants reserve the right to supplement or amend these disclosures (either through formal supplementation or through responses to discovery) as discovery in this case progresses.

### PRELIMINARY STATEMENT

The following disclosures are based upon the information presently available to Defendants. Defendants' investigation into the facts and law that may support their defenses to the charge of infringement of U.S. Patent No. 9,971,678, U.S. Patent No. 9,298,864, and U.S. Patent No. 8,924,192 (collectively, the "Asserted Patents") is ongoing. Defendants have made a reasonable and good-faith inquiry to provide the following information, and the following

---

[1] Entco Interactive (Israel) Ltd has neither been served with nor answered the Second Amended Complaint. *See, e.g.*, Dkt. #120.

disclosures reflect their current knowledge, information, and belief based upon that inquiry. Defendants do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Defendants accordingly reserve their right to present witnesses, documents, and evidence in addition to the information that is disclosed and identified herein. Defendants also recognize their obligation under Federal Rule of Civil Procedure 26(a)(1)(E) to supplement these disclosures and will do so in a timely manner if Defendants learn that these disclosures are incomplete or incorrect in some material respect, except to the extent other disclosures by Defendants or discovery in this case adequately provides such information.

The documents, electronically stored information, tangible things, individuals, and entities identified in these disclosures may include, constitute, embody, or possess information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges and protections. By identifying these documents, information, things, individuals, and entities, Defendants do not waive the right to assert any applicable privileges or protections in this matter. In addition, Defendants' disclosures are made without in any way waiving: (1) the right to object, including on the grounds of competency, privilege, relevance and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures; and (3) the right to seek relief under a suitable Protective Order agreed to by the parties or issued by the Court of any information to be provided in discovery in this case.

All of the disclosures set forth below are made subject to the above objections and qualifications.

A.  **The Correct Names of the Parties and Potential Parties to the Action**

As noted in the Answers filed separately by each defendant, EntIT Software LLC has changed its name to Micro Focus LLC, and Entco Government Software LLC has changed its name to Micro Focus Government Solutions LLC. *See* Dkt. #93–96. The correct and current names of the entities against which Plaintiffs filed suit are Seattle SpinCo, Inc., Micro Focus LLC, Micro Focus Government Solutions LLC, and Micro Focus (US) Inc.[2]

Defendants believe that Wapp Tech Limited Partnership and Wapp Tech Corp. are the correct names of the Plaintiffs.

Defendants are not presently aware of any additional potential parties to this action.

B.  **Persons Having Knowledge of the Relevant Facts**

Defendants identify the following individuals and entities as likely having discoverable information that may support Defendants' claims or defenses and a brief, fair summary of the substance of the information Defendants believe may be possessed by such individuals and entities. Contact information is provided to the extent presently known by Defendants. Unless otherwise specified, all current and former employees of any Defendant or its affiliates (including EntCo Interactive (Israel) Ltd) should be contacted only through Maschoff Brennan, 111 S Main Street, Suite 600, Salt Lake City, Utah 84111, (801) 297-1850.

| Name | Connection to the Case | Substance of Information Believed Known |
|---|---|---|
| Christine Ewing | Employee of Micro Focus LLC | Information relating to marketing of the accused products |
| Raffi Margaliot | Employee of Micro Focus Interactive Israel Ltd | Information relating to the Application Delivery Management ("ADM") business |

---

[2] Entco Interactive (Israel) Ltd, which has not been served with the Second Amended Complaint, has changed its name to Micro Focus Interactive Israel Ltd. *See* Dkt. #93–96.

3

| Name | Connection to the Case | Substance of Information Believed Known |
|---|---|---|
| Archie Roboostoff | Employee of Micro Focus US (Inc.) | Information relating to operation and design of the accused products; financial, accounting, and sales information relating to the accused products |
| Maayan Rubenstein | Employee of Micro Focus Interactive Israel Ltd | Financial, accounting, and sales information relating to the accused products |
| Eran Bachar | Micro Focus Interactive Israel Ltd | Information relating to operation and design of the accused products |
| Kevin Pan | Micro Focus LLC | Information relating to operation, design, and deprecation of AppPulse |
| Amichai Lesser | Employee of Micro Focus LLC | Information relating to Shunra and LoadRunner |
| Sharon Levine | Employee of Micro Focus Interactive Israel Ltd | Information relating to Shunra and LoadRunner |
| Robert Brunelli, Esq.<br><br>On information and belief:<br>1560 Broadway<br>Suite 1200<br>Denver, CO 80202 | Prosecuting attorney for the Asserted Patents | Alleged invention and patenting of the Asserted Patents; prior art to the Asserted Patents; preparation and prosecution of the Asserted Patents; ownership of the Asserted Patents |
| Douglas Stewart, Esq.<br><br>On information and belief:<br>701 5th Avenue<br>Suite 6200<br>Seattle, WA 98104 | Prosecuting attorney for the Asserted Patents | Alleged invention and patenting of the Asserted Patents; prior art to the Asserted Patents; preparation and prosecution of the Asserted Patents; ownership of the Asserted Patents |

| Name | Connection to the Case | Substance of Information Believed Known |
|---|---|---|
| Wapp Tech Limited Partnership | Plaintiff | Alleged invention and patenting of the Asserted Patents; ownership of Wapp and the Asserted Patents; operation of Wapp and any affiliated entities; the conception, reduction to practice, inventorship, commercialization, or disclosure of any alleged invention in the Asserted Patents or any embodiments thereof; analyses of or concerning the Asserted Patents; licensing of the Asserted Patents and any related or comparable patents; factual basis of Wapp's claims; settlements, licenses, and other financial interests in the Asserted Patents and/or the litigation; and the location of any documents relevant to any of Defendants' claims or defenses |
| Wapp Tech Corp. | Plaintiff and original assignee named on the face of the Asserted Patents | Alleged invention and patenting of the Asserted Patents; ownership of Wapp and the Asserted Patents; operation and research of Wapp and any affiliated entities; the conception, reduction to practice, inventorship, commercialization, or disclosure of any alleged invention in the Asserted Patents or any embodiments thereof; analyses of or concerning the Asserted Patents; licensing of the Asserted Patents and any related or comparable patents; factual basis of Wapp's claims; settlements, licenses, and other financial interests in the Asserted Patents and/or the litigation; and the location of any documents relevant to any of Defendants' claims or defenses |

| Name | Connection to the Case | Substance of Information Believed Known |
|---|---|---|
| John Lowe | President of Wapp Tech Corp., General Partner of Wapp Tech Limited Partnership | Factual basis of Wapp's claims; settlements, licenses, and other financial interests in the Asserted Patents and/or the litigation; and information relating to Wapp's filing of this lawsuit |
| Donavan P. Poulin | Named inventor of the Asserted Patents | Alleged invention and patenting of the Asserted Patents; ownership of the Asserted Patents; operation of Wapp and any affiliated entities; the conception, reduction to practice, inventorship, commercialization, or disclosure of any alleged invention in the Asserted Patents or any embodiments thereof; prior art to the Asserted Patents; analyses of or concerning the Asserted Patents; licensing of the Asserted Patents and any related or comparable patents; factual basis of Wapp's claims; and settlements, licenses, and other financial interests in the Asserted Patents |
| Ericsson Inc. | Third party | Prior art to the Asserted Patents |
| International Business Machines Corporation | Third party | Prior art to the Asserted Patents |
| Microsoft Corporation | Third party | Prior art to the Asserted Patents |
| Motorola Mobility LLC | Third party | Prior art to the Asserted Patents |
| Oracle America, Inc. | Third party | Prior art to the Asserted Patents |
| Qualcomm Incorporated | Third party | Prior art to the Asserted Patents |
| Viavi Solutions Inc | Third party | Prior art to the Asserted Patents |

| Name | Connection to the Case | Substance of Information Believed Known |
|---|---|---|
| Robert V. Binder<br>962 Wellesley Road<br>Pittsburgh, PA 15206<br><br>*Contact through Gibson, Dunn & Crutcher LLP* | Third party | Prior art to the Asserted Patents |

Inclusion of an individual or entity in the above disclosures should not be construed as an admission that the listed individual or entity will necessarily have discoverable information. In addition, the individuals and entities identified above may possess information protected by the attorney-client privilege, the work-product doctrine, or other applicable legal privileges and protections. By identifying these individuals and entities, Defendants do not waive the right to assert any applicable privileges or protections in this matter. Furthermore, by indicating the general subject matter of information individuals and entities may possess, Defendants do not make any concession, agreement, admission, or waiver of any ultimate determination of relevance or admissibility of any particular information for any purpose, nor does Defendants in any way limit its right to call any individual or entity to testify concerning other subjects.

Defendants further incorporate by reference Plaintiffs' list of individuals and entities identified in their initial disclosures and/or infringement contentions and any properly served supplements thereto. Defendants further identify and reserve the right to rely on the testimony of any witness deposed in this litigation, including, but not limited to, any Wapp or third-party witnesses. Defendants further reserve the right to identify additional persons as this litigation proceeds, including to the extent equipment and components identified as allegedly infringing by Wapp are supplied by third parties. By making the foregoing disclosures, Defendants do not waive their right to any discovery in this case, including depositions of as-yet-unidentified individuals or entities.

In addition to the individuals and entities listed above, Defendants will produce prior art discovered throughout the course of litigation that may identify authors, inventors, assignees, and other individuals or entities that may have additional knowledge, documents, or other discoverable information, including, for example, persons with knowledge as to the invalidity of the Asserted Patents under 35 U.S.C. §§ 102, 103, and/or 112 and/or the unenforceability of the Asserted Patent. Defendants may seek information from these individuals and entities to support their claims. Defendants hereby incorporate by reference the items of prior art that will be produced during the course of discovery and any individuals and entities that may be identified therein.

**C.    Relevant Documents, Electronically Stored Information, and Tangible Things**

Defendants have produced and allowed the inspection of documents, electronically stored information, and/or tangible things in Defendants' possession, custody, or control that are relevant to the pleaded claims or defenses involved in this action.

Based on presently available information, Defendants identify the following documents, electronically stored information, and tangible things (or categories thereof) on which Defendants may rely to support their defenses in this litigation, some of which may be in Defendants' possession, custody, or control, or publicly available. The following identifications should not be construed as an admission that the listed documents, electronically stored information, and tangible things will necessarily include, constitute, or embody discoverable information.

1. The Asserted Patents and any related patents or patent applications;

2. The U.S. and/or foreign prosecution histories of the Asserted Patents and any related patents or patent applications;

3. Documents relating to the ineligibility, invalidity, or unenforceability of the Asserted Patents, including the prior art cited in the Asserted Patents or any other related applications, as well as other prior art;

4. Extrinsic evidence that may bear on claim construction, including, without limitation, dictionary definitions, learned treatises, prior art, and testimony of

8

    percipient and expert witnesses, to be identified by Defendants by the dates set forth in the Scheduling Order;

5. Documents and things relating to the development and exploitation of the purported invention(s) of the Asserted Patents or the subject matter claimed in the Asserted Patents;

6. Documents and things relating to the development and exploitation of products or services related to the subject matter claims in the Asserted Patents;

7. Documents relating to the ownership and assignment(s) of the Asserted Patents;

8. Documents relating to any third party's financial interest in the outcome of this litigation;

9. Documents and things relating to interactions with the manufacturers, designers, and sellers of the accused products;

10. Documents relating to the non-infringement of the accused products;

11. Documents relating to the design and operation of the accused products;

12. Documents relating to Defendants' costs, revenues, and sales, if any, associated with the accused products;

13. Documents relating to Defendants' use, if any, of the accused products;

14. Documents relating to agreements related to the Asserted Patents, the subject matter claimed in the Asserted Patents, or the accused products; and

15. Documents relating to assertions made by Defendants in their Answers or any future answer or counterclaim, or in any written discovery responses (such as interrogatories) served by Defendants.

  The above categories constitute Defendants' good-faith effort to identify documents that may support their claims or defenses to the extent such documents can be or have been identified at this early stage in the litigation. Defendants reserve the right to identify additional documents and to object to the production of any documents described on any basis permitted under the Federal Rules of Civil Procedure or any other applicable law or privilege. Specifically, Defendants reserve the right to object to the production of documents on any basis, including that the information sought: (i) is not relevant; (ii) is protected from disclosure by an applicable privilege,

doctrine, or immunity; (iii) would be unduly burdensome or expensive to produce; (iv) contains third-party confidential information and cannot be produced without that party's notification and consent; or (v) constitutes proprietary or trade secret information that should not be produced before an appropriate protective order has been entered. Defendants also may rely on documents that are produced by any party or non-party to this litigation. Defendants also reserve their right to rely on any other document for impeachment purposes.

### D. Computation of Damages

Defendants seek an award of costs, expenses, and attorneys' fees in connection with any defense they may assert against Plaintiffs' claims. A computation of these damages and any related documents will be made available under Rule 34 of the Federal Rules of Civil Procedure at the appropriate time.

### E. Indemnity or Insurance Agreements

Defendants are currently unaware of any insurance agreements under which a person carrying on an insurance business may be liable to satisfy all or part of a judgment or to indemnify or reimburse for payments made to satisfy the judgment.

| | |
|---|---|
| DATED: May 26, 2020 | */s/ L. Rex Sears* |

L. Rex Sears (Admitted *Pro Hac Vice*)
Lead Attorney
Utah State Bar No. 8548
Jared J. Braithwaite (Admitted *Pro Hac Vice*)
Utah State Bar No. 12455
Alexis K. Juergens (Admitted *Pro Hac Vice*)
Utah State Bar No. 16861
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361
rsears@mabr.com
jbraithwaite@mabr.com
ajuergens@mabr.com

Barry K. Shelton
Texas State Bar No. 24055029
Bradley D. Coburn
Texas State Bar No. 24036377
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

Mark N. Reiter
Texas State Bar No. 16759900
Ashbey N. Morgan
Texas State Bar No. 24106339
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, TX 75201-6912
Telephone: (214) 698-3360
Facsimile: (214) 571-2907
mreiter@gibsondunn.com
anmorgan@gibsondunn.com

Neema Jalali
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000

                San Francisco, CA 94105
                Telephone: (415) 393-8200
                Facsimile: (415) 374-8409
                njalali@gibsondunn.com

                *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served electronically on May 26, 2020, on all counsel who have consented to electronic service.

*/s/ L. Rex Sears*
L. Rex Sears
