# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP. <br> Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC., *et al.,* <br> Defendants. | § § § § § § § § § | Civil Action No.  4:18-cv-469 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike and Exclude Undisclosed Witnesses and Documents Relied Upon in Defendants' Motion for Summary Judgment and Rebuttal Expert Reports (Dkt. #266). Having considered the Motion and the relevant briefing, the Court finds the Motion should be **DENIED**.

## BACKGROUND

This is a patent infringement suit. As trial approaches, the parties filed numerous competing motions regarding witnesses, evidence, and expert testimony.

This Order concerns Defendants' reliance on witnesses and documents that Plaintiffs allege were improperly disclosed. On December 28, 2020, Plaintiffs Wapp Tech Corp. and Wapp Tech Limited Partnership (collectively, "Wapp") filed the Motion to Strike and Exclude certain information in Defendants' summary judgment motion and rebuttal reports (Dkt. #266). On January 4, 2021, Defendants EntCo Interactive (Israel) Ltd, EntIT Software LLC, Entco Government Software LLC, Micro Focus (US) Inc., and Seattle SpinCo Inc. (collectively, "Defendants") responded (Dkt. #283). On January 11, 2021, Wapp replied (Dkt. #294). On January 15, 2021, Defendants filed their Sur-Reply (Dkt. #318).

Separately, the Court denied Defendants' Motion for Summary Judgment (Dkt. #311).

## LEGAL STANDARD

A party who has made a disclosure under Federal Rule of Civil Procedure 26(a), must supplement, or correct its disclosure or response:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

FED. R. CIV. P. 26(e)(1)(A).  Rule 37(c) allows evidence that was not properly or timely disclosed to be excluded if:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c).  In determining the propriety of excluding evidence under Rule 37(c)(1), the Court considers four factors: (1) the party's explanation for its failure to disclose evidence; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## ANALYSIS

Plaintiffs ask this Court to strike and exclude certain witnesses and documents that Defendants relied upon in their summary judgment motion and rebuttal reports.  Separately, this Court denied Defendants' Motion for Summary Judgment (Dkt. #311).  As such, Plaintiffs' current request to strike portions of Defendants' Motion for Summary Judgment is moot.  Accordingly, the Court only considers Plaintiffs' request to strike and exclude certain information from Defendants' rebuttal expert reports.

### i. The Parties' Arguments

Plaintiffs argue that Defendants untimely disclosed six new witnesses in Defendants' rebuttal expert reports, after the close of fact discovery (Dkt. #266 at p. 1). Plaintiffs assert this is an unfair surprise and these withheld witnesses and documents should be excluded from trial.

Defendants counter their disclosure was timely considering the circumstances. They assert that Plaintiffs only disclosed their Third Updated Infringement Contentions on November 17, 2020,[1] which is itself a late disclosure (Dkt. #283 at p. 1). Plaintiffs then served their technical expert's report on November 23, 2020. Once Defendants had Plaintiffs' final infringement contentions, Defendants identified witnesses and documents who could rebut them. Because there were new theories, Defendants necessarily found new witnesses. On December 8, 2020, Defendants sent a letter to Plaintiffs disclosing four witnesses as having relevant information: Benjamin Barnes, Aash Mangrulkar, Gopal Krishna Ramachandra, and Mike Staten.[2] On December 21, 2020, Defendants produced 843 pages of documents and, the following day, a rebuttal report that references, for the first time, Darren Sunset. Because Defendants only learned of some of Plaintiffs' arguments in mid-November, they assert their disclosure was proper.

Plaintiffs maintain the disclosures were untimely, improper, and prejudicial, because Defendants could have disclosed these employee-witnesses sooner.

### ii. Analysis

The Court finds Defendants' disclosures were timely given the circumstances. Defendants disclosed Barnes, Mangrulkar, Ramachandra, and Staten in the December 8th letter. While the

---

[1] Plaintiffs assert these contentions "were sent to Micro Focus on November 9, 2020, and Micro Focus stipulated to their filing on November 13, 2020." (Dkt. #294 at p. 7). These dates are still considered untimely.

[2] The letter stated the individuals are "believed to have information contradicting plaintiffs' experts' contention that the accused functionality of the accused products accounts for 61.6% of those products' value." (Dkt. #266, Exhibit 10 at p. 3).

3

parties dispute whether this was technically after the December 8 fact discovery deadline, it does not matter. The disclosure was two weeks after Plaintiffs disclosed updated infringement contentions and an expert report. This letter was a proper supplement under Rule 26(e)(1)(A) because it was sent within two weeks of the updated infringement contentions, which is a timely written response to previously unknown information. Plaintiffs contest that their updated infringement contentions contained information necessitating new witness. But, by definition, Plaintiffs' updated contentions contained updated theories. If Plaintiffs' updated infringement contentions did not contain new information, they would not be updated at all. As such, it was proper for Defendants to respond to that new information in a timely manner, which they did.

Defendants disclosed the fifth witness, Ruly Weisbach,[3] when he submitted a declaration on July 23, 2020 (Dkt. #217, Exhibit 3). That declaration identified Weisbach as the manager of the Research and Development team within the ADM group. The accused products are part of the ADM group. As Weisbach oversees research and development of the accused products and he submitted a signed declaration in a prior motion, Plaintiffs were on notice that he was a person of interest. Further, Weisbach was specifically mentioned by name as having relevant knowledge in another witness's deposition (Dkt. #283, Exhibit 3 at 31:1-16, 72:23-73:6). Together, this was a proper disclosure of a person of interest during fact discovery.

Defendants' sixth witness, Darren Sunset, was properly disclosed in Defendants' December 22 rebuttal report. Defendants learned information about Plaintiffs' damages model from their November 23 damages report. One month later, Defendants responded with a rebuttal report that relies in small part on this previously undisclosed witness. "In determining whether a supplement is timely, courts have considered that parties generally have a thirty-day window to

---

[3] The briefing refers to a "Ruli" Weisbach, however other filings refer to a "Ruly" Weisbach. The Court defers to Mr. Weisbach's signature on his July 23, 2020 declaration (Dkt. #217, Exhibit 3).

respond to discovery requests." *E.E.O.C. v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016). Although indisputably after the close of fact discovery, this is not dispositive. Defendants identified Sunset reasonably quickly after learning previously unknown information about a specific aspect of Plaintiffs' damages model. Given the context, this was sufficient.

For similar reasons, the Court finds Defendants timely disclosed documents when they produced them on December 21, 2020. The 843 pages of documents were disclosed within thirty-days of receiving Plaintiffs' expert report on November 23, 2020, which itself relied on undisclosed documents (Dkt. #318 at p. 3). Defendants produced a timely response to previously undisclosed information.

While it would be unjust to prevent Defendants from responding to Plaintiffs' November disclosures, Defendants' late-stage disclosures also burden Plaintiffs. The Court notes Defendants' offer to make these witnesses available for deposition (Dkt. #283 at p. 14). As this Court stated in prior hearings, it is flexible on discovery deadlines, even if that means eve-of-trial depositions (Dkt. #290, 18:9-15). As such, the Court encourages the parties to coordinate brief and targeted depositions of the relevant witnesses in the weeks leading up to trial.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike and Exclude Undisclosed Witnesses and Documents Relied Upon in Defendants' Motion for Summary Judgment and Rebuttal Expert Reports (Dkt. #266) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 4th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

5