# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP. §§§§§§§§ Plaintiffs, v. SEATTLE SPINCO, INC., *et al.*, Defendants. | Civil Action No. 4:18-cv-469 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Leave to Supplement Invalidity Contentions (Dkt. #313). Having considered the Motion and the relevant pleadings, the Court finds the Motion should be **DENIED as moot**.

### BACKGROUND

This is a patent infringement suit. As trial approaches, the parties filed numerous competing motions regarding witnesses, evidence, and expert testimony.

This Order concerns an apparent misunderstanding during the deposition of Plaintiffs' expert. On January 14, 2021, Defendants EntCo Interactive (Israel) Ltd, EntIT Software LLC, Entco Government Software LLC, Micro Focus (US) Inc., and Seattle SpinCo Inc. (collectively, "Defendants") filed the Motion for Leave to Supplement Invalidity Contentions (Dkt. #313). On January 28, 2021, Plaintiffs Wapp Tech Corp. and Wapp Tech Limited Partnership (collectively, "Wapp") responded (Dkt. #350).

### LEGAL STANDARD

Under the Local Rules for the Eastern District of Texas, invalidity contentions may be supplemented "only by order of the court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). "Good cause," according to the Federal Circuit, "requires a showing of

diligence." *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006). "The burden is on the movant to establish diligence rather than on the opposing party to establish a lack of diligence." *Id.*

The Court weighs multiple factors in determining whether good cause exists, including, but not limited to:

1. The length of the delay and its potential impact on judicial proceedings;
2. The reason for the delay, including whether it was within the reasonable control of the movant;
3. Whether the offending party was diligent in seeking an extension of time, or in supplementing discovery, after an alleged need to disclose the new matter became apparent;
4. The importance of the particular matter, and if vital to the case, whether a lesser sanction would adequately address the other factors to be considered and also deter future violations of the Court's scheduling orders, local rules, and the federal rules of civil procedure; and
5. The danger of unfair prejudice to the non-movant.

*Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 540–41 (E.D. Tex. 2015) (quoting *Comput. Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620, 625 (E.D. Tex. 2007)).

## ANALYSIS

Defendants ask this Court for leave to supplement their invalidity contentions with a contention that the asserted claims are anticipated by Defendants' products (Dkt. #313, Exhibit 1). Trial is in less than a month.

This last-minute request was spurred by Plaintiffs' technical expert's deposition. Per Defendants' framing, the expert, Dr. Sam Malek ("Dr. Malek") testified that the accused software functionality identified in his report was incomplete (Dkt. #313 at p. 4). In his report, Dr. Malek opines on two specific "scripting protocols." At his deposition, Dr. Malek's testimony seemingly implied that Plaintiffs' infringement theory is not limited to two scripting protocols and instead encompasses all 37 (Dkt. #313 at p. 4). With this implication, Defendants seek leave to amend its

invalidity contentions "to pursue the anticipation claim opened up by [Dr.] Malek's deposition testimony." (Dkt. #313 at p. 5).

Plaintiffs have a different view: Dr. Malek "repeatedly testified that he did not have any new opinions not disclosed and that his trial testimony would be consistent with his reports." (Dkt. #350 at p. 5). Defendants' argument "boils down to their contention that Dr. Malek offered a new opinion, in one sentence during his deposition." (Dkt. #350 at p. 5). Plaintiffs assure Defendants and the Court that "Dr. Malek will not present new opinions at trial" (Dkt. #350 at p. 5).

Plaintiffs response resolves the dispute. Defendants ask for leave to supplement based on a concern that Dr. Malek will testify to a new theory of infringement not disclosed in his report. This is their only concern. Plaintiffs unequivocally assert that Dr. Malek will testify only as to his opinions disclosed in his reports. Although the parties disagree on several of Dr. Malek's ambiguous deposition statements, the Court need not this dispute because Defendants' concern is mooted. Because Plaintiffs will not argue a new theory at trial, Defendants no longer need to amend their contentions to respond. With this misunderstanding resolved, the Court denies the Motion as moot.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for Leave to Supplement Invalidity Contentions (Dkt. #313) is hereby **DENIED as moot**.

**IT IS SO ORDERED.**
  **SIGNED this 4th day of February, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE