# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.<br>    Plaintiffs,<br><br>v.<br><br>SEATTLE SPINCO, INC., *et al.,*<br>    Defendants. | §<br>§<br>§<br>§  Civil Action No. 4:18-cv-469<br>§  Judge Mazzant<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Strike and Exclude Undisclosed Witnesses and Documents Relating to Defendants' Licensing Structure and Revenue (Dkt. #323). Having considered the Motion and the relevant briefing, the Court finds the Motion should be **GRANTED in part and DENIED in part**.

### BACKGROUND

This is a patent infringement suit. As trial approaches, the parties filed numerous competing motions regarding witnesses, evidence, and expert testimony.

This Order concerns Defendants' reliance on witnesses and documents that Plaintiffs allege were improperly disclosed. On January 19, 2021, Plaintiffs Wapp Tech Corp. and Wapp Tech Limited Partnership (collectively, "Wapp") filed the Motion to Strike and Exclude certain information relating to Defendants' licensing and revenue theories (Dkt. #323). On February 2, 2021, Defendants EntCo Interactive (Israel) Ltd, EntIT Software LLC, Entco Government Software LLC, Micro Focus (US) Inc., and Seattle SpinCo Inc. (collectively, "Defendants") responded (Dkt. #364).

## LEGAL STANDARD

A party who has made a disclosure under Federal Rule of Civil Procedure 26(a), must supplement, or correct its disclosure or response:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

FED. R. CIV. P. 26(e)(1)(A). Rule 37(c) allows evidence that was not properly or timely disclosed to be excluded if:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c). In determining the propriety of excluding evidence under Rule 37(c)(1), the Court considers four factors: (1) the party's explanation for its failure to disclose evidence; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## ANALYSIS

Plaintiffs ask this Court to strike and exclude certain witnesses and documents relating to Defendants' licensing revenue, which Plaintiffs contend were improperly disclosed (Dkt. #323). The Court grants the Motion to exclude as to the witnesses but denies the Motion as to the documents.

### i. The Parties' Arguments

Plaintiffs argue that Defendants disclosed witnesses and documents regarding licensing structure on January 13, 2021, after the close of discovery and on the eve of trial. On January 15—the deadline to submit the Final Pretrial Order—Defendants produced "altered revenue

information." (Dkt. #323 at p. 5). Trial is less than a month away. Plaintiffs assert this is an unfair surprise and these withheld witnesses and documents should be excluded from trial.

Defendants counter their disclosure was timely considering the circumstances. They assert that the two "surprise" witnesses, Vicky Giavelli and Charles Kipp, were previously disclosed as persons of interest during earlier depositions (Dkt. #364 at pp. 11-12). Regardless, Defendants have numerous witnesses who are unable or unwilling to attend a March trial given the pandemic. They argue they should "at least . . . be allowed to replace witnesses rendered unavailable by the pandemic." (Dkt. #364 at p. 12). They assert that "most" of the documents "are either duplicates or cumulative of documents previously produced." (Dkt. #364 at p. 13). The two "new" documents were either timely produced or are duplicative of timely produced documents.[1]

### ii.     The Undisclosed Witnesses

This is like the Court's recent denial of Plaintiffs' Motion to Strike and Exclude Undisclosed Witnesses and Documents (Dkt. #383). There, Plaintiffs served updated infringement contentions and an expert report in mid-November 2020, both of which were untimely. In response to Plaintiffs' tweaked theories, Defendants identified witnesses and documents for rebuttal. This included purportedly new witnesses and documents. The Court found Defendants' disclosures timely because they (1) identified witnesses previously known to Plaintiffs through discovery; (2) identified rebuttal witnesses within weeks of Plaintiffs' disclosures; and (3) Plaintiffs' own expert report relied on some documents Plaintiffs now objected to (Dkt. #383). The Court recognized that it would be unfair to block Defendants from responding to new theories with information previously known to Plaintiffs. However, the Court also recognized that these late-date disclosures still burdened Plaintiffs. Plaintiffs, after all, had to prepare to respond at trial. As such, the Court

---

[1] Only some of the licensing documents remain at issue. Plaintiffs' Motion is moot as to trial exhibit D0254 (MFDEFS00286016), the so-called "revenue document," because Defendants separately withdrew it (Dkt. #364).

denied Plaintiffs' motion to exclude, but encouraged the parties to coordinate limited depositions of the relevant witnesses.

This Motion presents a similar fact pattern; however, Defendants have a thinner explanation. Defendants were not as prompt at identifying witnesses and documents as before. Plaintiffs served their damages report on November 23 and served its rebuttal report on December 22. Defendants did not identify Giavelli and Kipp in this rebuttal report, even though Defendants assert they possess relevant knowledge. Defendants provide no explanation for why these witnesses were only explicitly identified on January 13, and not with the December 8 letter, or the December 22 rebuttal report. Defendants' "failure to provide any justification for its untimely disclosure weighs heavily in favor of striking the disclosure[.]" *Sobrino-Barrera v. Anderson Shipping Co.*, 495 F. App'x 430, 433 (5th Cir. 2012).

The Court finds Defendants' disclosure of Giavelli and Kipp were improper. Defendants never identified Giavelli and Kipp before their January 13 email, even though they could have identified them in their December 8 letter or December 22 report. During discovery, several deponents made passing references to Giavelli and Kipp. No discovery documents identify them as having relevant knowledge (Dkt. #323 at pp. 8-9). This is unlike the Court's recent Order (Dkt. #383), where the Court held that a witness who was both discussed during depositions and who previously submitted a signed declaration was sufficiently disclosed.

At most, Plaintiffs were on notice that Giavelli and Kipp may possess relevant knowledge, but this is not necessarily disclosure. This is a large case. Many people possess potentially relevant information, and many people were mentioned during depositions. Plaintiffs cannot be expected to be prepared at trial for any one out of hundreds of persons-of-interest. Defendants themselves gave no indication that Giavelli and Kipp would be possible trial witnesses until six weeks before

4

trial, just two days before the Final Pretrial Order. Defendants could have identified Giavelli and Kipp as potential witnesses at any point. They did not. They offer no explanation. Consequently, now Plaintiffs must be prepared to cross-examine two witnesses they know little about. That is a bridge too far.

Defendants argue they need Giavelli and Kipp to replace witnesses rendered unavailable by the pandemic. But Defendants' witness list notes they "may call by deposition" any witnesses who were deposed (Dkt. #319, Exhibit 2). It follows that Defendants do not need Giavelli and Kipp to replace witnesses, because those other witnesses have presumedly been deposed. Therefore, Defendants may call those unavailable witnesses by deposition at trial, as is standard practice.

### iii. The Undisclosed Documents

The documents are a different story. Like Giavelli and Kipp, the Court finds that Defendants untimely disclosed six documents. However, the Court finds little prejudice and denies the Motion as to excluding documents.

Defendants produced six trial exhibits between January 13 and 15. They offer no explanation for why these documents were produced after Plaintiffs' damages report, Defendants' December 8 letter disclosure, Defendants December 22 rebuttal report, and the close of expert discovery on January 8. They were therefore untimely.

While this was untimely, the Court finds that Plaintiffs suffer little prejudice. Most of the documents are either duplicates or cumulative of previously produced documents, and the only "new" documents fill a gap in the record in a predictable manner (Dkt. #364 at p. 13). Specifically, discovery produced documents describing most of the LoadRunner protocol bundling (Dkt. #364 at p. 13). This was timely. That record, however, was missing details on versions 12 and 12.60

5

(Dkt. #364 at p. 13). These two documents fill that gap. There is no suggestion that Plaintiffs requested these documents and Defendants withheld them. *See Versata Software Inc. v. SAP America, Inc.*, No. 2:07-cv-153, 2011 WL 13136604, *3–5 (E.D. Tex. May 5, 2011) (striking portions of expert report that relied on material specifically requested throughout fact discovery but never produced).

Still, disclosing even just two new documents on the eve of trial could result in severe prejudice. The Court must weigh Defendants' need with Plaintiffs' burden. *See Barrett*, 95 F.3d at 380. Defendants need these documents to rebut Plaintiffs' infringement contentions, which were updated in mid-November. Plaintiffs do not specify how they will be prejudiced by these new documents. Plaintiffs also disclosed documents for trial that were not produced during fact discovery, undercutting their objections. While Plaintiffs express concern that Defendants will revamp their damages opinion in real time at trial, the parties are still bound by their respective expert reports. Plaintiffs may still object to these six documents, as necessary. As such, the Court finds Plaintiffs suffer little prejudice.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Strike and Exclude Undisclosed Witnesses and Documents Relating to Defendants' Licensing Structure and Revenue (Dkt. #323) is hereby **GRANTED in part and DENIED in part**. Defendants are precluded from calling Giavelli and Kipp at trial, but Defendants may rely on the six disputed documents.

**IT IS SO ORDERED.**
 SIGNED this 5th day of February, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE