IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP and WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC., ET AL., <br><br> Defendants. | Civil Action No. 4:18-cv-00469-ALM <br><br> JURY TRIAL DEMANDED |

**WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP.'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND PRECLUDE A TRIAL WITNESS IDENTIFIED ON PLAINTIFF'S WITNESS LIST (DKT. 355)**

**I.      INTRODUCTION**

The motion by Defendants ("Micro Focus") seeking to strike the sole inventor of all three patents-in-suit, Mr. Poulin, from testifying as a fact witness is meritless. As Micro Focus is well aware, Mr. Poulin is not, and has never been, a testifying expert in this case. Therefore, its arguments about Mr. Poulin providing expert testimony are irrelevant and only seek to confuse the issues.

The sole issue is whether Mr. Poulin, the inventor of all of the patents-in-suit, can testify as a fact witness regarding his inventions. Micro Focus does not cite a single case in its motion where an inventor has ever been precluded from providing fact testimony at a patent infringement trial. Rather, Micro Focus' entire argument is based the false allegation that Mr. Poulin has no technical knowledge regarding his own patents and thus his retention as a non-testifying consultant for a three month period is improper. This argument does not make logical sense. As the sole inventor of all three patents-in-suit, Mr. Poulin indisputably has technical knowledge regarding the subject matter of his *own* patents. Further, the case law is clear that it is permissible for an inventor, or any witness, to be both a fact witness and a non-testifying

litigation consultant. Therefore, Plaintiffs Wapp Tech Limited Partnership and Wapp Tech Corp. (collectively, "Wapp") respectfully request that the Court deny Micro Focus' motion.

## II.     ARGUMENT

### A.   Mr. Poulin Is A Fact Witness Not A Testifying Expert

Micro Focus' arguments regarding whether Mr. Poulin should be allowed to testify as an expert is a distraction because, as Micro Focus is well aware, Mr. Poulin is not, and never has been, a testifying expert in this case. He will not be offering expert testimony at trial. Mr. Poulin will only be offered as a fact witness at trial.

### B.   Mr. Poulin Was Paid as a Non-Testifying Expert, And Not as a Fact Witness Which is Permissible Under Well-Established Precedent

As an initial matter, Micro Focus fails to set forth the facts accurately. In addition to being a fact witness, Mr. Poulin was also retained for a short time as a non-testifying technical consultant by a prior law firm representing Wapp. Ruyak Cherian LLP ("Ruyak") entered the case as new counsel for Wapp around June 2020 after the case had been pending for nearly two years. [REDACTED]

---

[1] Agreements with non-testifying consultants are not discoverable absent exceptional circumstances, which are not present here. Fed. R. Civ. P. 26(b)(4)(D); *Synopsys, Inc. v. Ricoh Co., Ltd.*, No. C-03-2289 MJJ (EMC), 2006 WL 2458721, *2 (N.D. Cal. Aug. 22, 2006) (holding that consulting agreement of inventor who was a fact witness and non-testifying consultant was not discoverable).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████.

The case law is clear that it is proper for an inventor like Mr. Poulin to be both a fact witness and a paid non-testifying consultant in litigation.  For example, on similar facts where an inventor of a patent-in-suit was both a fact witness and a non-testifying litigation consultant, precedent in this District held that "'[O]ne may simultaneously be a litigation expert with Rule 26(b)(4) protection as to some matters and simply an unprotected actor or witness as to others....'" *Sensormatic Elecs. Corp. v. WG Sec. Prods., Inc.,* No. 2:04-CV-167, 2006 WL 1305166, at *2 (E.D. Tex. May 11, 2006) (quoting *Marine Petroleum Co. v. Champlin Petroleum Co.*, 641 F.2d 984, 992 (D.C. Cir. 1979)).  The *Sensormatic* court further explained that, "[w]hile [the inventor of a patent-in-suit] is a fact witness regarding his activities at Sensormatic and the invention of the '490 patent, he is a non-testifying expert regarding his opinions [formed as a non-testifying consulting expert]." *Id*.  Therefore, under the precedent in this District, it is proper for Mr. Poulin to be both a fact witness and a non-testifying expert. *Id*.

Consistent with the law in this District, other districts have similarly held that it is permissible and appropriate for a person to be both a testifying fact witness and a paid non-testifying expert consultant.  In a case involving similar facts where an inventor was retained as a paid non-testifying consultant, the Northern District of California held that such an arrangement is proper since "it is possible for a person to play a dual role in litigation, *i.e.,* serve as a fact witness and as a nontestifying expert." *Synopsys*, 2006 WL 2458721, *2; *see also Aristocrat Techs. v. Int'l Game Tech.*, No. C–06–03717 RMW, 2010 WL 2486194, *2 (N.D. Cal. June 15, 2010) (holding that inventor could properly be both a fact witness and a paid non-testifying

3

consultant). In yet another case involving an inventor retained as a paid non-testifying consultant, the Northern District of Illinois held that "[t]here is nothing unusual or improper about [inventor's] role as a fact witness and a non-testifying consultant." Order at 1, *Memorylink Corp. vs. Motorola, Inc.*, No. 08 C 3301 (N.D. Ill. Feb. 3, 2012), ECF No. 280. Moreover, the District of Delaware held that "the cases establish that a party can enter into agreements with fact witnesses that compensate those witnesses for consulting work and not trial testimony." *Art+Com Innovationpool GmbH v. Google, Inc.*, No. 1:14-217-TBD, 2016 WL 10033421, *3 (D. Del. Sept. 9, 2016). Therefore, the case law is consistent and clear that it is proper for Mr. Poulin to be both a fact witness and a paid non-testifying consultant.

Further, all of the evidence establishes that Mr. Poulin was compensated ***only*** for his role as a non-testifying litigation consultant. Mr. Poulin testified in his deposition ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 321-6 at 52:25-53:12. Defendants even admit that Mr. Poulin "made clear in his deposition" that he was being paid only as a non-testifying litigation "consultant." Dkt. 321 at 10. ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. In fact, there is no evidence that Mr. Poulin ever received payments for any reason other than his role as a non-testifying technical consultant to assist Ruyak in the preparation of Wapp's case.

Micro Focus' entire argument in its motion is based on the false premise that Mr. Poulin has no relevant technical knowledge regarding his own patents and thus could not have been a non-testifying consultant. This argument does not make logical sense and is incorrect. As the sole inventor of all three patents-in-suit, Mr. Poulin necessarily has relevant technical knowledge regarding the patents at issue in this case. Therefore, he was properly retained as a non-testifying

4

consultant to assist Ruyak as new counsel in coming up to speed on technical issues relating to the patents-in-suit and in preparing Wapp's case.

Further, Micro Focus' allegation that Mr. Poulin has no technical knowledge because he does not have a technical college degree is obviously false. ECF 355, 3. One can have technical knowledge without having a formal college degree. For instance, neither Bill Gates, Steve Jobs, nor Mark Zuckerberg have a technical college degree. However, no one would reasonably dispute that all three have significant technical knowledge or expertise about their pertinent fields of endeavor. Furthermore, the fact that Mr. Poulin is the sole inventor of the three patents-in-suit demonstrates that he has technical knowledge with regard to the subject matter of the patents at issue in this case. Micro Focus' allegation that Mr. Poulin lacks technical knowledge because he lacks a technical degree is plainly incorrect.

In its motion, Micro Focus misrepresents the substance of Mr. Poulin's deposition testimony. Mr. Poulin never testified that he is not a technical expert regarding his own patents or that he completely lacked any technical qualifications as Micro Focus implies in its motion. ECF 355, 3. That would not make sense as he is the sole inventor of the patents-in-suit. In the portions of the deposition cited by Defendants, Mr. Poulin is being asked about claim construction, infringement, and claim scope to which he responds ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 321-6 at 83:10–16 (question about infringement of Defendants' products); 112:7-23 (question about claim construction to which Mr. Poulin responded ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 192:6–18 (question about scope of claim where Mr. Poulin did not provide a "legal conclusion"); 217:22-218:4 (question about claim construction to which Mr. Poulin refers counsel to the

"Markman ruling"), 235:12-20 (question about claim construction involved in testifying expert's report).

Micro Focus then makes several misleading allegations regarding discovery. ECF 355, 2-3. Contrary to Micro Focus' allegations, Wapp provided a response to Micro Focus stating that Mr. Poulin was only paid for his work as a non-testifying consultant and further informed Micro Focus that their allegations were both factually and legally incorrect.[2] ECF 321-9, 1-2. Micro Focus never specifically requested Mr. Poulin's retention agreement because, as it is likely aware, agreements with non-testifying consultants are not discoverable absent exceptional circumstances, which are not present here. Fed. R. Civ. P. 26(b)(4)(D); *Synopsys*, 2006 WL 2458721, *2 (holding that consulting agreement of inventor who was a fact witness and a paid non-testifying consultant was not discoverable). As such, Wapp was not required to provide any discovery specific to Mr. Poulin's role as a non-testifying expert consultant. *Id*.

As noted above, Micro Focus does not cite a single case where an inventor has ever been precluded from providing fact testimony at a patent infringement trial. Instead, the cases relied on by Micro Focus are inapposite on the facts and the law. Micro Focus first cites the non-binding dissent (not the majority opinion) of *N.L.R.B.* relating to the admissibility of testimony by paid informants under the National Labor Relations Act. *N.L.R.B. v. Thermon Heat Tracing Svcs., Inc.*, 143 F.3d 181, 189–91 (5th Cir. 1998) (Garza, J. dissenting). This case does not involve paid informants or admissibility of testimony under the National Labor Relations Act. The only other case relied on by Micro Focus is the *McIntosh* case, which involved a motion to disqualify counsel for unethically paying witnesses to "wrongfully appropriate and disclose confidential documents in which both [defendants] had a legitimate right to confidentiality."

---

[2] Despite being aware that Mr. Poulin was a non-testifying consultant in August 2020, Micro Focus deliberately waited nearly six months to raise the issue with the court until just weeks before trial.

*McIntosh v. State Farm Fire & Cas. Co.*, No. 1:06-cv-1080 LTS-RHW, 2008 WL 941640, at *1-2 (S.D. Miss. Apr. 4, 2008). Here, there is no motion to disqualify counsel and no issue of wrongly appropriating and disclosing defendant's confidential documents. The two cases relied on Micro Focus in its motion do ***not*** involve non-testifying consultants or inventors in the context of patent infringement litigation. Therefore, the only two cases that Micro Focus relies on in its motion are not relevant on the facts or the law.

### III.     CONCLUSION

For the reasons discussed above, Wapp respectfully requests that the Court deny Micro Focus' Motion to Strike.

Dated: February 9, 2021                                /s/ Clyde M. Siebman
                                                       Clyde M. Siebman

                                                       Clyde M. Siebman
                                                       TX Bar No. 18341600
                                                       **Siebman, Forrest, Burg & Smith LLP**
                                                       Federal Courthouse Square
                                                       300 North Travis St.
                                                       Sherman, TX 75090
                                                       908/870-0070 Fax: 903/870-0066

                                                       Deron R. Dacus
                                                       TX Bar No. 00790553
                                                       ddacus@dacusfirm.com
                                                       **THE DACUS FIRM, PC**
                                                       821 ESE LOOP 323, Suite 430
                                                       Tyler, TX 75701
                                                       902/705-1117 Fax: 903/581-2543

                                                       Robert F. Kramer
                                                       CA Bar No. 181706 (Admitted E.D. Texas)
                                                       rkramer@feinday.com
                                                       M. Elizabeth Day
                                                       CA Bar No. 177125 (Admitted E.D. Texas)
                                                       eday@feinday.com
                                                       David Alberti
                                                       CA Bar No. 220625 (*pro hac vice*)

7


dalberti@feinday.com
Sal Lim
CA Bar No. 211836 (*pro hac vice*)
slim@feinday.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@feinday.com
Marc C. Belloli
CA Bar No. 244290 (*pro hac vice*)
mbelloli@feinday.com
Sven Raz
CA Bar No. 222262 (*pro hac vice*)
sraz@feinday.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@feinday.com
**FEINBERG DAY KRAMER ALBERTI LIM TONKOVICH & BELLOLI LLP**
577 Airport Boulevard, Suite 250
Burlingame, California 94101
Telephone: (650) 514-2747
Facsimile: (650) 618-4368

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) or by electronic mail on February 9, 2021.

/s/ *Clyde M. Siebman*
Clyde M. Siebman