# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., <br><br> Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC., ET AL., <br><br> Defendants. | Case No. 4:18-cv-00469-ALM <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE (Dkt. 427) TO MEMORANDUM OPINION AND ORDER (Dkt. 399) ON DEFENDANTS' MOTION (Dkt. 303) TO EXCLUDE PLAINTIFFS' DAMAGES EXPERT, ROY WEINSTEIN**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................................ 1

II.  BACKGROUND .................................................................................................................. 2

     A.  LoadRunner has premium and non-premium versions. .................................................. 2

     B.  The different LoadRunner versions are further divided into protocol bundles. ................ 2

     C.  Wapp's narrow infringement claim implicates only a few of the LoadRunner protocol bundles. ............................................................................................................. 3

III. ARGUMENT ....................................................................................................................... 4

IV. CONCLUSION ................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*
   904 F.3d 965 (Fed. Cir. 2018)................................................................................................4, 5

*VirnetX, Inc. v. Cisco Sys., Inc.*
   767 F.3d 1308 (Fed. Cir. 2014)......................................................................................1, 4, 5

Defendants ("Micro Focus") moved to exclude plaintiffs' damages expert, Roy Weinstein. (*See* Dkt. 303, "Motion.") During the February 22, 2021 final pretrial conference, the parties were served with the Court's February 8, 2021 Memorandum Opinion and Order regarding that motion. (*See* Dkt. 399, "Order.") Yesterday, plaintiffs ("Wapp") filed a response to the Order. (Dkt. 427, "Response.") At a telephonic hearing held that same day, the Court authorized the filing of this reply.

## I.   INTRODUCTION

One of several points that Micro Focus made in its Motion is that Weinstein's damages calculation improperly starts with *total* revenues from the accused LoadRunner products, instead of only those LoadRunner revenues "with a close relation to the patented feature." *Cf. VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014). While stopping short of excluding Weinstein, as Micro Focus had asked, this Court agreed with Micro Focus to this extent:

> … [Mr. Weinstein's] royalty calculations include total revenue from the accused products … Weinstein *must* attempt to *remove non-infringing elements* from his royalty base. …
>
> Mr. Weinstein's use of total revenues implicates EMVR concerns. …
>
> Mr. Weinstein's royalty calculation must comport with the EMVR. Where multi-component products are accused of infringement, "*the royalty base should not be larger* than the smallest salable unit *embodying the patented invention*." …
>
> Plaintiffs have the burden of establishing by a preponderance of the evidence that Mr. Weinstein's methodology is sound. … Plaintiffs do not seem to meet that burden. The Court is particularly concerned that Mr. Weinstein's use of total revenue for the accused products is not the smallest salable patent-practicing unit. Further, Mr. Weinstein "must estimate what portion of that smallest salable unit is attributable to the patented technology when the smallest salable unit itself contains several non-infringing features."

(Order at 7–9, italics added, citations omitted.) Wapp's Response notwithstanding, as shown below the Court's concern is well-founded: Weinstein has not "remove[d] non-infringing

1

elements from his royalty base," and thus that base greatly exceeds "the smallest salable unit embodying the patented invention."

## II.  BACKGROUND

### A.  LoadRunner has premium and non-premium versions.

LoadRunner is not just one thing. First, there are three types of LoadRunner product: LoadRunner Professional (LRP), which is the most basic type, and LoadRunner Enterprise (LRE) and LoadRunner Cloud (LRC), which the Court has aptly characterized as "premium version[s]" that "incorporate unpatented functionality beyond what LoadRunner Professional provides." (Dkt. 386 at 11–12.) The Court has already recognized—in its order on Micro Focus's *Daubert* motion against the apportionment opinion of Wapp's technical expert, Dr. Sam Malek—that Wapp's use of the same apportionment for both the LRP and the premium LRE and LRC products is problematic: "How can the premium version of software attribute the same 61.6% of its value to the patented technology, when the premium software contains more unpatented features than the basic software? Without further explanation, it cannot." (*Id.* at 12.)

### B.  The different LoadRunner versions are further divided into protocol bundles.

Second, as the Court is aware from prior filings, the accused LoadRunner products support dozens of "scripting protocols." (*See, e.g.*, Dkt. 313 at 4.) Each of the three types of LoadRunner products—LRP, LRE, and LRC—further divides into many different "bundles" of those protocols. Some of those protocol bundles are available for free and with no purchase required. Most, however, Micro Focus charges for; necessarily, Weinstein's damages calculation is predicated on these revenue-generating bundles, not those given away for free. There are 16 bundles for LRP and LRE that Micro Focus charges for, and six such bundles for LRC.

Wapp has known all this for a long time. For example, a document that Wapp produced in April 2020, beginning with bates no. WAPP0003624, states that LRC "supports different

virtual user types that are sold in protocol bundles." That same production of documents included a "Data Sheet" (WAPP0004785) and two "Flyers" (WAPP0005456, WAPP0006733) that detail the different protocol bundles for various versions of LRP and LRE. Wapp's technical expert, Malek, relied on a 2021 "Product Flyer" that details the most recent LRP and LRE protocol bundles in his February 11, 2021 supplemental report, (Dkt. 417-2, ¶ 42, n. 4), which Wapp then produced as WAPP0024483. In addition to the documents that Wapp itself produced, in May 2020 Micro Focus produced a combination of Price Guides and Price Lists that covered every month from January 2015 through May 2020, which showed the different pricing for the various bundles throughout that period. (*See e.g.*, MFDEFS00145888–146469; MFDEFS00146529–147619; MFDEFS00149046–149052; MFDEFS00156226–156519.)

During the final pretrial conference earlier this week, despite all the documents produced by both sides, Wapp's counsel tried to contradict the foregoing. But mere attorney argument cannot create a factual dispute: to do that requires *evidence*. Especially because it is Wapp's burden to prove Weinstein's opinions admissible, not Micro Focus's to prove them inadmissible. Nonetheless, to supplement the already one-sided documentary evidence, Micro Focus is submitting herewith a declaration from Mike Staten confirming all the foregoing details. Whatever Wapp's attorneys might *argue*, all the documentary and competent testimonial *evidence* confirms what Micro Focus has said all along.

**C.      Wapp's narrow infringement claim implicates only a few of the LoadRunner protocol bundles.**

Of the dozens of protocols that LoadRunner supports, only two are accused of infringement. As Wapp itself points out: "In his report, Dr. Malek's infringement analysis for each accused product combination includes either the TruClient – Native Mobile or TruClient – Mobile Web protocols." (Dkt. 350 at 8–9.) And Wapp's lead counsel has declared, under oath:

3

"Wapp has no intention of presenting new infringement theories at trial." (Dkt. 350-1, ¶ 10.) In short, Wapp's infringement case is limited to the TruClient – Mobile Web (TCMW) and TruClient – Native Mobile (TCNM) protocols.

There are 16 revenue-generating bundles for LRP and LRE, and six revenue-generating bundles for LRC. (Staten Decl. ¶¶ 7, 12.) Of the 16 revenue-generating LRP and LRE bundles, three include one accused protocol; the other 13 do not include either of the accused protocols. (*Id.*, ¶ 7.) Of the six revenue-generating LRC bundles, two include both accused protocols; the other two do not include either of them. (*Id.*, ¶ 12.)

### III.    ARGUMENT

"[T]he royalty base should not be larger than the smallest salable unit *embodying the patented invention*." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 904 F.3d 965, 977 (Fed. Cir. 2018) (italics added). Here, that means the royalty base should not be larger than the three revenue-generating LRP and LRE protocol bundles that include an accused protocol, plus the two revenues-generating LRC bundles that include the accused protocols.

But thirteen out of 16 LRP and LRE revenue-generating protocol bundles, and four out of six revenue-generating LRC bundles, do not include either of the accused protocols. (Staten Decl. ¶¶ 7, 12.) The revenues from those bundles are "non-infringing elements" that Weinstein "must attempt to remove … from his royalty base." (*See* Dkt. 399 at 7.) Because Weinstein has not made that attempt, his royalty-base opinion (and the rest of the damages calculation that he builds on it) is inadmissible. "Because Weinstein did not 'carefully tie proof of damages to the claimed invention's footprint in the market place,' his testimony on the royalty base … should [be] excluded." *VirnetX*, 767 F.3d at 1329.

In its Response, Wapp argues:

Mr. Weinstein's opinion does not violate EMVR because his analysis begins as

4

> a *first* step with the smallest saleable unit (*i.e.*, the accused combination of LoadRunner and NV) … and then further apportions the smallest saleable unit ("SSU") to identify the value of the patented functionality *within* the SSU as a *second* step.

(Dkt. 427 at 1.) But the "combination of LoadRunner and NV" is not the smallest saleable unit that "*embod[ies] the patented invention.*" *Cf. Power Integrations*, 904 F.3d at 977 (italics added). To the contrary, because Wapp has "unequivocally" limited its infringement claim to the two particular protocols that Malek accuses in his written infringement report, (*see* Dkt. 387 at 3), the "accused combination" is *certain LoadRunner bundles*—namely, those that include the two accused protocols—plus NV, rather than simply "LoadRunner and NV." But instead of limiting his royalty base to those bundles, Weinstein includes *all* LoadRunner revenues in his base.

Wapp's problems only get worse, not better, at what it calls the "*second* step." (*See* Dkt. 427 at 1.) Wapp has an "obligation to apportion damages only to the patented features," which "does not end with the identification of the smallest salable unit if that unit still contains significant unpatented features." *VirnetX*, 767 F.3d at 1329. The first step, as shown above, should be limited to the few bundles that include an accused protocol. Because each of those bundles *also* includes several additional, *unaccused* protocols, at the second step the value of those unaccused protocols in those few bundles should be apportioned out (together with the value of LoadRunner's many other unpatented features). And as Micro Focus has pointed out in its motion to exclude Malek's supplemental apportionment report, Wapp has not done that, either. (*See* Dkt. 417 at 6.)

## IV. CONCLUSION

The Federal Circuit ruled in *VirnetX* that Weinstein's "testimony on the royalty base … was inadmissible and should have been excluded." *VirnetX*, 767 F.3d at 1329. That is what should happen here: Weinstein should be excluded, and Wapp should go to trial this coming

5

Monday without a damages expert. If the Court decides instead to give Weinstein (and Wapp) yet another chance then trial cannot start on Monday, without prejudicially abridging Micro Focus's process rights, because there simply is not time between now and then for (1) Weinstein to produce and serve another report, (2) Micro Focus to prepare and serve any rebuttal, and (3) Micro Focus to bring and be heard on any *Daubert* or other challenges to the new report. Either way, what *should not* happen is a headlong rush into trial, based on a damages calculation that begins with total LoadRunner revenues—which would be reversible error.

Dated: February 24, 2021                                     Respectfully submitted,

By: */s/ L. Rex Sears*
L. Rex Sears (Admitted *Pro Hac Vice*)
Lead Attorney
Utah State Bar No. 8548
Jared J. Braithwaite (Admitted *Pro Hac Vice*)
Utah State Bar No. 12455
Alexis K. Juergens (Admitted *Pro Hac Vice*)
Utah State Bar No. 16861
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361
rsears@mabr.com
jbraithwaite@mabr.com
ajuergens@mabr.com

Barry K. Shelton
Texas State Bar No. 24055029
Bradley D. Coburn
Texas State Bar No. 24036377
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

>Melissa Smith
>GILLAM & SMITH
>303 S. Washington Ave.
>Marshall, Texas 75670
>Telephone:  (903) 934-8450
>melissa@gillamsmithlaw.com
>
>*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on February 24, 2021 on all counsel of record who consent to electronic service per Local Rule CV-5(a)(3) or otherwise, as required by local and federal rules.

>/s/ *L. Rex Sears*