# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| WAPP TECH LIMITED PARTNERSHIP AND WAPP TECH CORP., <br><br>  Plaintiffs, <br><br> v. <br><br> SEATTLE SPINCO, INC., ET AL., <br><br>  Defendants. | Case No. 4:18-cv-00469-ALM <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' UNOPPOSED MOTION FOR LEAVE TO COMBINE BRIEFING, SET BRIEFING SCHEDULE, AND STAY EXECUTION <u>OR ENFORCEMENT OF JUDGMENT</u>**

Defendants Seattle SpinCo, Inc., Micro Focus LLC f/k/a EntIT Software LLC, Micro Focus Interactive Israel Ltd. f/k/a Entco Interactive (Israel) Ltd, Micro Focus Government Solutions LLC f/k/a Entco Government Software LLC, and Micro Focus (US) Inc. ("Defendants") file this request (1) for leave to combine briefing on Defendants' Renewed Motions for Judgment as Matter of Law and Defendants' Motion for New Trial and set associated page limits; (2) to set a corresponding briefing schedule for Plaintiffs' Motion for Prejudgment and Post-Judgment Interest (Dkt. No. 491); and (3) to stay execution or enforcement of the Court's Judgment (Dkt. No. 487) until and including Wednesday, June 23, 2021, and respectfully submit as follows:

1. Local Rules CV-7(a)(3) and CV-50 provide that a party's motions for judgment as a matter of law (JMOLs) shall not exceed sixty pages collectively.  Individual JMOLs are limited to thirty pages.  L.R. CV-7(a)(1).

2. Local Rule CV-7(a)(2) provides that a motion for new trial shall not exceed fifteen pages.

3. Defendants intend to file more than one renewed JMOL and one motion for new

trial. Rather than make multiple filings, and in the interest of streamlining post-verdict briefing in light of the issues being litigated in this particular case, Defendants propose combining their renewed JMOLs and motion for new trial into a single filing. The proposed filing would combine the page limits for these individual motions and set one page limit for the combined motion.

4. Accordingly, Defendants request leave to make a single filing not to exceed seventy-five pages containing Defendants' renewed JMOLs and motion for new trial, further without prejudice to Defendants invoking as authority for their motion any additional rules or authorities, such as Federal Rule of Civil Procedure 59(e) (together, the "Combined Motion"). The parties have further set out below page limits for reply and sur-reply briefs relating to the Combined Motion, which likewise would combine the page limits for individual reply and sur reply briefs, respectively, that would otherwise be filed for individual motions.

5. Additionally, the parties have discussed setting a briefing schedule for responsive and reply briefing for the above motion, as well as for the Plaintiffs' pending Motion for Prejudgment and Post-Judgment Interest (Dkt. No. 491) (the "Interest Motion"), in order to facilitate an efficient presentation of the issues being briefed for the Court and in light of Wapp's request for a limited extension for its response to the Combined Motion due to other professional commitments. Relatedly, the parties believe that granting the requested extensions would give further time to enable settlement discussions to take place. The parties thus request an extension for the responsive, reply, and sur-reply briefing for the Combined Motion, as well as an adjustment of the deadlines for the Interest Motion briefing in order to align that motion with the briefing deadlines for the Combined Motion.

6. Accordingly, the parties request that the Court enter the following briefing schedule for the above-referenced motions, with the following page limitations:

| Deadline | Pages | Current | Proposed |
|---|---|---|---|
| Defendants' Combined Motion | 75 | Thursday, May 20, 2021 (11:59 p.m. CDT) | Thursday, May 20, 2021 (11:59 p.m. CDT) [no change] |
| Plaintiffs' Response to Combined Motion | 75 | Thursday, June 3, 2021 (11:59 p.m. CDT) | Thursday, July 1, 2021, (11:59 p.m. CDT) |
| Defendants' Response to Interest Motion | 15 | Wednesday, May 19, 2021 (11:59 p.m. CDT) | Thursday, July 1, 2021, (11:59 p.m. CDT) |
| Defendants' Reply for Combined Motion | 25 | Thursday, June 10, 2021 (11:59 p.m. CDT) | Thursday, July 15, 2021 (11:59 p.m. CDT) |
| Plaintiffs' Reply for Interest Motion | 5 | Wednesday, May 26, 2021 (11:59 p.m. CDT) | Thursday, July 15, 2021 (11:59 p.m. CDT) |
| Plaintiffs' Sur Reply for Combined Motion | 25 | Thursday, June 17, 2021 (11:59 p.m. CDT) | Thursday, July 29, 2021 (11:59 p.m. CDT) |
| Defendants' Sur Reply for Interest Motion | 5 | Wednesday, June 2, 2021 (11:59 p.m. CDT) | Thursday, August 5, 2021 (11:59 p.m. CDT) |

7. Additionally, the Parties request that the Court extend the stay of execution on, and proceedings to enforce, the Court's Judgment (Dkt. No. 487) to and including Wednesday, June 23, 2021, without prejudice to the filing of any further motion to stay execution or enforcement of the foregoing.

8. Specifically, on April 22, 2021, the Court entered its Judgment. Dkt. No. 487. Pursuant to Federal Rule of Civil Procedure 62(a), execution on such a judgment and proceedings to enforce it are stayed for 30 days after its entry, "unless the court orders otherwise." Execution on and any proceedings to enforce the Judgment are thus currently stayed.

9. In order to assist the parties in meeting and conferring as to security relating to the Judgment and in order to give further time to enable settlement discussions among the parties to take place, Defendants thus request that the Court order that the stay of execution on, and

proceedings to enforce, the Court's Judgment (Dkt. No. 487) be extended to and including Wednesday, June 23, 2021, without prejudice to the filing of any further motion to stay execution or enforcement. Defendants further request that the Court order that Defendants shall not be required to post a bond or other security until after Wednesday, June 23, 2021, likewise without prejudice to the filing of any further motion to stay execution or enforcement.

10. The parties have met and conferred, and the Plaintiffs have stated that they do not oppose Defendants' Motion for Leave to Combine Briefing, Set Briefing Schedule, and Stay Execution or Enforcement of Judgment.

Dated: May 18, 2021

Richard L. Rainey (Admitted *Pro Hac Vice*)
Washington, D.C. Bar No. 452996
Brian G. Bieluch (Admitted *Pro Hac Vice)*
Washington, D.C. Bar No. 490398
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, N.W.
Washington, D.C. 20001
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
rrainey@cov.com
bbieluch@cov.com

John C. O'Quinn (Admitted *Pro Hac Vice*)
Washington, D.C. Bar No. 485936
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.,
Washington, D.C. 20004
Telephone: (202) 389-5191
Facsimile: (202) 654-9592
john.oquinn@kirkland.com

Respectfully submitted,

By: */s/Brian Bieluch*

L. Rex Sears (Admitted *Pro Hac Vice*)
Lead Attorney
Utah State Bar No. 8548
Jared J. Braithwaite (Admitted *Pro Hac Vice*)
Utah State Bar No. 12455
Alexis K. Juergens (Admitted *Pro Hac Vice*)
Utah State Bar No. 16861
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1361
rsears@mabr.com
jbraithwaite@mabr.com
ajuergens@mabr.com

Barry K. Shelton
Texas State Bar No. 24055029
Bradley D. Coburn
Texas State Bar No. 24036377
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, Texas 78734-4775
Telephone: (512) 263-2165
Facsimile: (512) 263-2166
bshelton@sheltoncoburn.com
coburn@sheltoncoburn.com

Melissa Smith
GILLAM & SMITH
303 S. Washington Ave.
Marshall, Texas 75670
Telephone: (903) 934-8450
melissa@gillamsmithlaw.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document is being served via the Court's CM/ECF system on May 18, 2021 on all counsel of record who consent to electronic service per Local Rule CV-5(a)(3) or otherwise, as required by local and federal rules.

*/s/Brian Bieluch*

## **CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for Defendants met and conferred with counsel for Plaintiffs. Counsel for Plaintiffs indicated that it is unopposed to this motion.

*/s/Brian Bieluch*